Angel David GONZALEZ TORRES,
Plaintiff, Appellant,

v.

Astol Calero TOLEDO, etc.,
Defendant, Appellee.

No. 77–1535.

United States Court of Appeals,
First Circuit.

Argued Sept. 13, 1978.

Decided Nov. 8, 1978.

Benicio Sanchez Rivera, San Juan, P. R., on brief, for plaintiff, appellant.

Hector M. Laffitte, Hato Rey, P. R., with whom Laffitte & Dominguez, Hato Rey, P. R., was on brief, for defendant, appellee.

Before COFFIN, Chief Judge, CAMPBELL and BOWNES, Circuit Judges.

LEVIN H. CAMPBELL, Circuit Judge.

In 1973 and 1974 Angel David Gonzalez Torres, a Captain in the Puerto Rican Police Force, undertook an investigation of organized crime in western Puerto Rico.[1] On May 9, 1974, after conducting a raid in which a justice of the peace was arrested, he was transferred to another job by Astol Calero Toledo, then Superintendent of the Police of Puerto Rico.[2] On May 20, 1974, Capt. Gonzalez was interviewed by a reporter who later attributed to him statements impugning the integrity of a number of government officials.[3] Capt. Gonzalez denied having made such statements, but Superintendent Calero ordered an administrative investigation and, on July 16, 1974, dismissed Capt. Gonzalez on the grounds that he had violated certain rules of the police force. Capt. Gonzalez commenced an administrative appeal but eventually abandoned it, allegedly because he was denied discovery and because the proceeding was not progressing. On November 1, 1974, he filed an action under 42 U.S.C. § 1983 in the United States District Court in Puerto Rico.

---

1. Captain Gonzalez was then Commanding Officer of the Criminal Investigation Division for the Western Area of Puerto Rico.

2. Three transfer orders were issued the same day; Capt. Gonzalez was eventually appointed to the Commanding Office of the Municipality of Utuado.

3. It appears that none of these statements were directed at Superintendent Calero.

On December 17, 1974, Capt. Gonzalez' administrative case was closed, Capt. Gonzalez and his attorney having failed to appear at a hearing set for that date.[4]

Capt. Gonzalez' § 1983 complaint alleged that he was discharged in violation of the first and fourteenth amendments. The only named defendant was Calero, "individually and as Superintendent of Police." It was requested that "defendant, his agents, employees, and those acting in concert with him," be enjoined from terminating Gonzalez. Damages and punitive damages of $100,000 and $200,000, respectively, were sought "against defendant." Although this complaint was brought against Superintendent Calero individually as well as officially, under Puerto Rican law Calero was able to request that the Commonwealth represent him and assume full payment of any judgment entered against him. P.R. Laws Ann. tit. 32, §§ 3085–87. The Puerto Rican Department of Justice represented him throughout the proceedings in the district court; on appeal Superintendent Calero is represented by private counsel.

The district court awarded judgment for Capt. Gonzalez on April 14, 1977. It ordered "that plaintiff be reinstated to his former position as Captain in the Police . . . with all the rights and privileges appertaining thereto . . ." and that "defendant Astol Calero, his successors in office and their agents, servants, employees and attorneys and all persons in active concert or participation with them be permanently enjoined and restrained from terminating plaintiff's employment or from decreasing his salary. . . ." Capt. Gonzalez then moved for voluntary dismissal of the issue of damages. Eventually, after some controversy as to whether Capt. Gonzalez intended by this motion to waive his rights to equitable damages, a judgment was entered allowing Capt. Gonzalez backpay offset by interim wages. The parties stipulated to a backpay award of $10,979.28,

and the district court entered a Supplementary Judgment on October 5, 1977, ordering that Capt. Gonzalez recover that amount plus attorney's fees and costs "of the defendant Astol Calero."[5]

Apparently without first notifying the Department of Justice, Superintendent Calero filed this appeal through private counsel on November 2, 1977. It appears, however, that Superintendent Calero incurred no obligations under the district court judgment. Despite the language in the judgment directed at him, the remedies ordered fell upon or were assumed by the Commonwealth of Puerto Rico. Capt. Gonzalez was reinstated by Superintendent Calero's successor on June 2, 1977.[6] According to a certification filed with this court by the Secretary of Justice, the Department of Justice "assumed legal representation and full payment of any judgment that might be entered" against Superintendent Calero. It appears that the government of Puerto Rico will pay any monetary award made and, if it has not already done so, will pay Capt. Gonzalez the backpay and attorney's fees he is entitled to. Since all claims to non-equitable damages were dismissed, Superintendent Calero is under no personal obligation as a result of the judgment below. In these circumstances we do not believe that he retains a sufficient stake in the controversy to maintain this appeal solely in an individual capacity.

Although Superintendent Calero was sued in both his individual and his official capacities and no motion to substitute his successor was made after he retired, a successor is automatically substituted under Fed.R.Civ.P. 25(d). *Maria Santiago v. Corporacion de Renovacion Urbana Y Vivienda*, 554 F.2d 1210, 1213 (1st Cir. 1977). Insofar as the injunction imposes continuing obligations to retain Capt. Gonzalez and not to decrease his salary, these responsibilities obviously run against Calero in an official

---

4. Because we decide that Superintendent Calero does not have standing to bring this appeal, we do not reach the question of the consequences, if any, of Capt. Gonzalez' failure to exhaust these administrative procedures.

5. A motion for reconsideration of the fees award was denied on November 25, 1977.

6. Superintendent Calero is now retired.

capacity and now run to his successor, who alone is in a position to carry them out. The backpay award will not be paid by Calero individually but will be paid by the Government of Puerto Rico. The dismissal of the issue of non-equitable damages was in effect, if not formally, a dismissal of any claims against Superintendent Calero as an individual. In these circumstances, the fact that Superintendent Calero was named individually as a defendant is not enough to enable him to maintain this appeal. *Cf. Paul v. Davis,* 424 U.S. 693, 701–10, 96 S.Ct. 1155, 47 L.Ed.2d 405 (1976) (interest in reputation alone insufficient to invoke due process protection); *American Fidelity & Casualty Co. v. All American Bus Lines,* 179 F.2d 7 (10th Cir. 1950) (insured who no longer has interest in recovery cannot sue). The judgment of the district court now imposes no real duties upon him and what have become the real parties in interest— Superintendent Calero's successor and the Commonwealth of Puerto Rico—have accepted the award of reinstatement and backpay and have remained disassociated from the appeal.[7] In a somewhat analogous case decided last year we said,

> "If all that turns on this appeal is whether [the defendant's] name may appear on the list of defendants, the policies surrounding article III counsel against investing scarce judicial resources in so meaningless a dispute. Federal courts sit to decide actual cases and controversies, not to render advisory opinions on academic questions."

*Maria Santiago,* 554 F.2d at 1212. We feel that the same considerations apply here.

*Appeal dismissed.*

---

**7.** In his certification to this court, the Secretary of Justice explained that, "while this Department was studying the possibility of appealing the [district court's] decision, defendant-appellant, on his own and without consulting or notifying us, filed a notice of appeal . . .." No separate appeal was thereafter filed by the Department of Justice. It is not representing Calero before this court. A representative of the Department sat at counsel's table during the oral argument, but when the question was put he pointedly refrained from indicating that he or his government joined, or were interested in, Calero's appeal.