**NESCO DESIGN GROUP, INC.,**
**Plaintiff,**

v.

**Regis J. GRACE and Grace Enterprises,**
**Inc., Defendants.**

**Civ. A. No. 82–1000.**

United States District Court,
W.D. Pennsylvania.

Nov. 28, 1983.

Jon Hogue, Titus, Marcus & Shapira, Pittsburgh, Pa., for plaintiff.

John E. Wall, Dickie, McCamey & Chilcote, Pittsburgh, Pa., for defendants.

### MEMORANDUM OPINION

TEITELBAUM, Chief Judge.

On October 12, 1983 at the pre-trial conference on the above-captioned case, the Court told the attorneys that notice of settlement must be given to the Court at least two working days prior to the time set for

jury selection, and that if such notice were not given, counsel would each be assessed one-half of one day's jury cost. On October 24, 1983, the date set for trial, a panel of fifteen jurors was present from which a jury to try the case would be selected. One hour before the time jury selection was to commence, the Court was notified the case had settled. Jury expenses totalling $590.22 were incurred. Thereafter, a hearing was held to give counsel an opportunity to show there was good cause for failure to promptly notify the Court of settlement. Although counsel had engaged in bona fide settlement negotiations, this alone does not constitute cause to avoid the assessment of costs. Having determined that counsel failed to show cause, the above-mentioned jury costs will be assessed equally against each attorney.

The purpose of prompt notice of settlement is to allow the Court to schedule other matters, and to prevent both the unnecessary inconvenience to citizens appearing for jury duty and the unnecessary costs incurred by the Government, and ultimately the nation's taxpayers. The Court is concerned with the traditional practice of settling cases "on the courthouse steps." Frequently the parties may be willing to settle, but the attorneys do not mutually discuss settlement until they meet to try the case.

Recognizing the need to avoid unnecessary jury costs, other districts [1] have enacted local rules similar to the policy described herein. One such local rule was approved by the Tenth Circuit in *Martinez v. Thrifty Drug and Discount Company,* 593 F.2d 992 (10th Cir.1979).

The Court does not believe that this policy is prohibited by the holding in *Gamble v. Pope & Talbot, Inc.,* 307 F.2d 729 (3rd Cir.) (en banc), cert. denied sub nom. *United States District Court v. Mahoney,* 371 U.S. 888, 83 S.Ct. 187, 9 L.Ed.2d 123 (1962). In *Gamble,* the United States Court of Appeals for the Third Circuit held a district judge lacked authority to impose a fine under a local rule against counsel absent a preliminary finding of contempt. In that case, counsel failed to timely submit a pretrial memorandum in compliance with a local rule, and the offending attorney was fined one hundred dollars.

*Gamble* can be distinguished on grounds of both procedure and underlying policy. As to the former, the attorney in *Gamble* had no prior actual notice that he would be personally fined for failure to meet the pre-trial deadline. The fine was imposed without the attorney being given an opportunity for a hearing. This procedure was held to be a violation of the Due Process clause of the Fifth Amendment. In the instant case, counsel were given advance notice of the policy, and were afforded an opportunity for a hearing before costs were imposed.

Furthermore, the amount of the fine imposed by the district judge in *Gamble* was arbitrarily set. Under the instant policy, the costs imposed upon counsel are determined by, and limited to, the actual cost of obtaining a jury panel.

The underlying policy in *Gamble* is evidenced by the fact that the effect of the fine was to punish the attorney for inadvertently failing to submit a pre-trial memorandum on time. Such mistakes, while controllable to some degree, almost inevitably occur. In situations such as the instant case, attorneys frequently make last-minute settlements through a mutual practice and custom. This practice is carried on without consideration of the costs such late settlement causes the Government, or the inconvenience it causes to jurors, or the disruption it causes to the Court's schedule. Counsel should be aware of these costs and inconveniences, and counsel should work with the Court in attempting to minimize these factors. Thus, while the Court in *Gamble* found it impermissible to fine counsel for an inadvertent mistake, the instant case presents a situation wherein counsel acted consciously by way of a mutual practice. This practice is susceptible to change which, while reducing the ever-rising costs to the Government, does not compromise, and may well facilitate, the interests of the clients.

1. E.g., the Southern and Eastern Districts of New York and the District of South Carolina.

In view of the fact that *Gamble* was decided over twenty years ago and was directed to a local rule lacking procedural safeguards and serving to discipline counsel for inadvertent non-compliance with pre-trial procedures, this Court believes that, if presented with the present case, the Court of Appeals for the Third Circuit would find that *Gamble* is not controlling.

The Court wishes to emphasize that it does not intend to discipline or punish counsel. Rather, the Court has adopted a firm policy which provides that if counsel chooses to settle within two working days of the time set for jury selection, without sufficient justification for such action, then counsel must bear the otherwise-avoidable jury costs.

An appropriate order shall issue.

### ORDER

AND NOW November 28, 1983, in accordance with the foregoing memorandum opinion, IT IS HEREBY ORDERED that counsel for each party is assessed $295.11, representing one-half of the total jury costs of $590.22.