### Eliut D. FLORES CARABALLO, Plaintiff,

v.

### Wilfredo LOPEZ, et al., Defendants.

### Civ. No. 82–2559 (HL).

United States District Court, D. Puerto Rico.

Sept. 12, 1984.

Wilfredo A. Geigel, Santurce, P.R., Thomas R. Lincoln, Old San Juan, P.R., for plaintiff.

Pedro A. Del Valle Ferrer, Fed. Litigation Div., Dept. of Justice of P.R., Ponce, P.R., for defendants.

### OPINION AND ORDER

LAFFITTE, District Judge.

Plaintiff brought suit under 42 U.S.C. § 1983 against three Police officers of the Commonwealth of Puerto Rico, namely, Wilfredo López, Wilfredo Acosta, and José Arévalo, seeking recovery for his physical and emotional damages.[1] Plaintiff predicated his claims for recovery on false arrest, unlawful search, and unreasonable and excessive use of force by defendants.

The jury returned a general verdict against defendants López and Acosta, but not against Arévalo, and awarded plaintiff $30,000.00 in compensatory damages.

Defendants López and Acosta move the Court for a partial new trial[2] or, in lieu

---

[1] Plaintiff's claim for punitive damages was rejected by the jury.

[2] The partial new trial device is often used to limit the new trial to the issue of damages

where liability has been completely determined by the jury and the damage issue is not interwoven with the liability issue. *Yates v. Dann,* 11 F.R.D. 386 (D.Del.1951); *Calaf v. Fernández,* 239 F. 795 (1st Cir.1917).

thereof, a remittitur, on the grounds that the award is highly excessive, unsupported by the evidence, and the product of passion and prejudice.

Defendants do not question the determination of liability made by the jury. By addressing the issue of damages on the basis of a request for a partial new trial or remittitur, they concede as much. Nevertheless, a short recital of the facts is in order.

Plaintiff was honeymooning with his wife at a country-side house, located near the vicinity of Ponce, borrowed from a friend. On June 9, 1982, he was returning to the city of Ponce to return the keys of the house to the owner. While plaintiff was driving on Fagot Avenue accompanied by his wife, he reached the intersection near the Ponce Judicial Center, where he almost collided with another vehicle carrying the three defendants. Defendants shouted at plaintiff with menacing gestures. Plaintiff continued to drive through the intersection. Defendants followed plaintiff's vehicle and a chase ensued. Plaintiff and his wife became frightened because they believed defendants to be ruffians. Defendants testified that plaintiff went through a red light and fled even though they sounded the siren of their unmarked police car. They followed plaintiff and signaled him to stop. Finally, when plaintiff's car entered Urbanización Constancia Gardens, a residential area, defendants pulled over and blocked plaintiff's car. Defendants stepped out and went over to plaintiff's car, shouted at him, banged the hood of his vehicle, at which point plaintiff's wife started screaming.

Plaintiff was ordered out of the car as defendants identified themselves as police officers. Plaintiff was then stricken on the face, chest, and lumbar region by defendant López, who also threw plaintiff against his car while searching him roughly. De-

fendant Acosta was nearby, while defendant Arévalo remained in the police car calling for a patrol when angry neighbors started to gather around the scene. At this point several neighbors gathered at the site and began shouting "abusadores" at defendants.[3] Plaintiff did not offer any resistance.

Plaintiff was arrested and taken to the Police station. His car was unlawfully searched. He was then charged with three traffic violations. Plaintiff was subsequently tried and acquitted on all charges.

Dr. Manuel A. Rodríguez Zayas testified that on June 9, 1982, he examined plaintiff at the Ponce Municipal Hospital. Plaintiff had contusions on the face and thorax. He also found bruises on plaintiff's back. Plaintiff was X-rayed and placed on observation. There were no fractures. Plaintiff was not hospitalized and suffered no serious physical injuries.

Plaintiff testified that he suffered extreme humiliations, fear, anxieties, emotional and mental distress, and was subjected to physical abuse in public. He had to undergo a humiliating search of his person and his car, and was exposed to a trial on fabricated evidence.

Defendants argue that the jury's award of $30,000 for compensatory damages is highly excessive, not supported by the evidence, and the result of passion and prejudice.

■ The jury returned a general verdict on compensatory damages, including both physical and mental distress. This Court, after reviewing the evidence, is satisfied that the jury's award is supported by the evidence. Under the facts of this case, it cannot be said that this award was either "grossly excessive" or "shocking to the conscience." *KOLB v. GOLDRING*, 694 F.2d 869 (1st Cir.1982). In *CLARK v.*

---

**3.** Tomás Alcalá, a retiree who worked for 42 years in the Correctional System of the Commonwealth of Puerto Rico, who resides near the scene of the events and eye-witnessed the same, corroborated plaintiff's version of the facts. He further testified that the Police car was not

sounding the siren; that plaintiff looked scared; that he did not offer any resistance; and that his wife was screaming. Other witnesses testified similarly. Plaintiff's version, corroborated by other witness, was to the effect that he did not run a red light.

**16**

*TAYLOR,* 710 F.2d 4, 13 (1st Cir.1983), the following language used by the Court of Appeals is illuminating:

"Our proper review of such verdict is not to parse the award into its various components, but to determine whether the award as a whole is within the universe of possible awards which are supported by the evidence." (Citations omitted.)

Plaintiff was illegally chased, frightened, assaulted, searched, arrested, and charged with alleged violations of the laws of Puerto Rico. The extreme humiliations, pain and mental sufferings experienced by plaintiff clearly justifies the award, which is supported by the evidence. *STATHOS v. BOWDEN,* 728 F.2d 15, 21 (1st Cir.1984). However, assuming that the award was generous, it may not be set aside so long as it is supportable, as in this case, "under some rational appraisal of the damages, based upon the evidence." *HEDDINGER v. ASHFORD MEMORIAL COMMUNITY HOSP.,* 734 F.2d 81, 86 (1st Cir.1984).

Finally, defendants' claim that the award was the result of passion and prejudice is unsupported by the record. This conclusory allegation is lacking in merits. Defendants have failed to point out to the Court any circumstance or factor in this case in support of said allegation. It is questionable whether passion and prejudice may be inferred from the size of the verdict alone in this case, where the verdict comes within the range of possible awards.

WHEREFORE, defendants' motion for a partial new trial or remittitur is hereby DENIED.

IT IS SO ORDERED.