### Hipolito Rodriguez
**RODRIGUEZ, Plaintiff,**

**v.**

**Nicolas MUÑOZ, et al., Defendants.**

**Civ. No. 83–1021 HL.**

United States District Court,
D. Puerto Rico.

Feb. 25, 1985.

Jesús Hernández Sánchez, Santurce, P.R., for plaintiff.

Sec. of Justice P.R. Edgardo Colón Arrarás, Atty. Fed. Lit. Div., San Juan, P.R., for defendants.

## ORDER

LAFFITTE, District Judge.

Plaintiff, a former Regional Director for the Humacao District of the Right to Work Administration (Administración del Derecho al Trabajo), filed suit in this Court alleging that he was discharged by defendant from his job with said Commonwealth agency because of his participation in political activities of his choice.[1]

Defendant Nicolás Muñoz, former Executive Director of ADT, was sued in both his individual and official capacity. At trial, plaintiff moved to substitute his successor.[2] The case was tried to a jury, who found for

---

**1.** The evidence disclosed that plaintiff had formed a committee and attended a meeting outside working hours, at a neighborhood bar, to plan for his candidacy for Mayor of the municipality of Las Piedras. The evidence further disclosed defendant's knowledge concerning plaintiff's activities and political aspirations.

**2.** A successor in office is automatically substituted under Fed.R.Civ.P. 25(d). *Maria Santiago*

the plaintiff. The jury awarded plaintiff the sum of $60,000 as compensatory damages plus $40,000 in punitive damages.

In *Ramos v. Secretario De Comercio*, 112 DPR 514 (1982), in *Clemente Gonzalez v. Departamento De La Vivienda*, 83 JTS 101 (1983), and in *Colon v. Cruv*, 84 JTS 52 (1984), the Puerto Rico Supreme Court explicitly ruled that an employee of trust and confidence ("de confianza") under the Puerto Rico Personnel Act, may not be discharged for political reasons, or political activities, unless the incumbent's political affiliation is a legitimate factor to be considered for the effective performance of the public office involved. In adopting this rule, the Puerto Rico Supreme Court relied heavily on *Branti v. Finkel*, 445 U.S. 507, 100 S.Ct. 1287, 63 L.Ed.2d 574 (1980).

In *Branti*, which decision was based on the fundamental right of free association, the Federal Court [U.S. Supreme Court] deemed that "[i]f the First Amendment protects a public employee from discharge based on what he said, it must also protect him from discharge based on what he believes. Under this line of analysis, unless the government can demonstrate 'an overriding interest' of vital importance requiring that a person's private beliefs conform to those of the hiring authority, his beliefs cannot be the sole basis for depriving him of continued public employment." [Id] at 515 [100 S.Ct. at 1293]. Citing *Elrod v. Burns*, 427 U.S. 347 [96 S.Ct. 2673, 49 L.Ed.2d 547] (1976), the Court acknowledged that partisan affiliation could be an "acceptable requirement for some types of government employment", and thus it concluded that "if an employee's private political beliefs would interfere with the discharge of his public duties, his First Amendment rights may be required to yield to the State's vital interest in maintaining governmental effectiveness and efficiency." Based on the foregoing, the Court concluded:

*v. CRUV*, 554 F.2d 1210, 1213 (1st Cir.1977); *Torres v. Toledo*, 586 F.2d 858 (1st Cir.1978).

**3.** It is worth noting that the *Branti* court recognized that: "It is equally clear that party affilia-

'In sum, the ultimate inquiry is not whether the label 'policymaker' or 'confidential' fits a particular position; *rather, the question is whether the hiring authority can demonstrate that party affiliation is an appropriate requirement for the effective performance of the public office involved.* [445 U.S.] At 518 [100 S.Ct. at 1295].' *Ramos v. Srio. De Comercio*, at 515–516.[3]

Consequently, under both Puerto Rico and United States Constitutions, public employees of trust and confidence, like plaintiff herein, are constitutionally protected from political discrimination unless the. government affirmatively demonstrates that partisan politics or political affiliation is an appropriate requirement for the effective performance of the public office involved.

At footnote No. 3 of *Ramos, supra*, the Puerto Rico Supreme Court in rejecting discrimination in public employment for political preference or political ideas, as violative of Art. II, Section 1, 4 and 6, and of Article II, Section 7 of the Puerto Rico Constitution, noted:

Todos los empleados, *aún los de confianza*, gozan de protección contra el discrimen por razón de ideas políticas. En *Báez Cancel v. Alcalde de Guaynabo*, 100 DPR 982 (1972), expresamos: "La Sec. 1 del Art. II de la Constitución del Estado Libre Asociado prescribe en forma clara que 'no podrá establecerse discrimen alguno por motivo de raza, color, … ideas políticas o religiosas.' La proscripción del discrimen es clara y terminante. *Su texto no permite distinción alguna.* Quiere decir lo que dice." …

We have quoted the original Spanish version of said opinion, as in the official Supreme Court translation the phrase "de confianza" appears inaccurately translated as "confidential." It is crystal clear, however, that no distinction can be made, in the case of political discrimination, between the

tion is not necessarily relevant to every policymaking or confidential position." 445 U.S. at 518, 100 S.Ct. at 1295.

various classifications, except in certain exceptions where a particular political affiliation may be validly required to obtain and keep public office. But, as the Puerto Rico Supreme Court recognized in *Ramos, supra,* at 520, this is the exception and not the rule under the Puerto Rico Personnel Act.

Plaintiff sought, in addition to damages, reinstatement. This equitable relief is reserved to the Court. Upon a careful consideration of the evidence in this case and the equities involved, it is hereby ORDERED, ADJUDGED AND DECREED, that defendant's successor in office, his agents, employees, and servants are hereby ordered to reinstate plaintiff to his former position of Regional Director, Humacao Region, in the Right to Work Administration, at the same salary and with the same fringe benefits he would be earning and receiving, but for his discharge. This potent equitable relief of reinstatement that the Court is providing herein should create an incentive for public officials, who may harbor doubts about the lawfulness of their intended action, to err on the side of protecting the constitutional rights of public servants.

IT IS SO ORDERED.