**Ruben RUIZ RUIZ, Plaintiff,**

v.

**Jose NAZARIO, et al., Defendants.**

**Civ. No. 83–2712 HL.**

United States District Court,
D. Puerto Rico.

Dec. 6, 1985.

Gregorio Lima, Bayamón, P.R., Judith Berkan, Santurce, P.R., for plaintiff.

Francisco J. Colón Pagán, Old San Juan, P.R., for Plaza Las Americas and Germán Nadal.

## OPINION AND ORDER

LAFFITTE, District Judge.

Defendants come before this Court for partial relief from judgment contending that this Court's order of January 23, 1985, assessing jury costs to the Justice Department of the Commonwealth of Puerto Rico was an improper exercise of its discretionary powers under Local Rule 323.[1] They further contend that the Eleventh Amendment's immunity, precluding suits against state governments for money damages in federal court, applies to the assessment of jury costs and was not waived when the Commonwealth assumed representation of defendants.

Moreover, they allege that payment of jury costs for purposes of judicial economy or efficient utilization of juror service was not a public end as intended by the Puerto Rico Legislature and, therefore, public funds could not be used to pay for the assessed jury costs. They add that Commonwealth funds cannot be used to pay for jury costs because this would make the Commonwealth a party to the suit and thus violate the Eleventh Amendment and Sovereign Immunity doctrine. The Court disagrees.

Local Rule 323 allows this Court, upon the settlement of a scheduled jury trial in a civil action, to assess jury costs "equally against parties and their counsel" or as otherwise directed. However, this taxing of costs will not occur if good cause is shown or "the Clerk is notified before twelve noon of the last business day preceding the time when the action is scheduled for trial in time to advise the jurors that it will not be necessary for them to attend."[2] In this case, the parties and attorneys, including the Justice Department of Puerto Rico, were forewarned of this provision, yet they failed to settle prior to 2:00 P.M. on January 21, 1985. It was not until the scheduled date of trial, January 22, 1985, that the Court was informed of a settlement, at which time it dismissed the already assembled jury. Furthermore, the record discloses that plaintiff had made earlier settlement attempts and such late settlement was attributable to the Justice Department's lack of diligence. See Order filed on January 23, 1985.

The Commonwealth of Puerto Rico, acting through its Justice Department, assumed the defendant Police officers' legal representation in this civil rights suit pursuant to 25 L.P.R.A. Section 1016 and 32 L.P.R.A. Section 3090. The latter statute allows the Commonwealth to "defray the reasonable cost of said legal representation."

Considering that the Justice Department assumed defendants' legal representation

---

1. Fed.Proc. Rules Service, District Court for the District of Puerto Rico, Rule 323 provides:

    "Whenever any civil action scheduled for jury trial is settled or otherwise disposed of in advance of the actual trial, then, except for good cause shown, jury costs, including Marshal fees, mileage, and per diem, may be assessed equally against the parties and their counsel, or otherwise assessed as directed by the Court, unless the Clerk is notified before twelve noon of the last business day preceding the time when the action is scheduled for trial in time to advise the jurors that it will not be necessary for them to attend. Likewise, when any civil action is settled at trial in advance of the verdict, then, except for good cause shown, jury costs, including Marshal fees, mileage, and per diem, may be assessed equal-

ly against the parties and their counsel, or otherwise assessed as directed by the Court."

2. Several courts have promulgated similar local rules where jury costs are imposed when settlement occurs too shortly before trial. D.Col. R. 11; D.Del. R. 5.5(D); N.D.Ill. R. 11; D.N.J. R. 20(G); D.N.M. R. 13(e); W.D.Tenn. R. 6(b); E.D.Va. R. 20(e). See also, *Eash v. Riggins Trucking, Inc.*, 757 F.2d 557, 570 (3rd Cir.1985). For the year ended on June 30, 1984, last minute jury cancellations, not selected, serving or challenged amounted to $143,833 in this District. See, *1984 Grand and Petit Juror Service in the United States District Courts*, Administrative Office of the United States Courts. In this particular case, the Jury Administrator of this Court has assessed the jury cost in the amount of $1,455.74.

in a suit filed in this Court, and its attorneys, or the Secretary of Justice decided to allow such a late date settlement, knowing these costs would be avoidable only upon prior notification or upon showing good cause, the imposition of jury costs can only be seen as part and parcel of their legal representation. This measure should not be interpreted as a disciplinary sanction on the Justice Department, but instead as a cost for settling a federal district court case at such a late date. *Nesco Design Group, Inc. v. Grace*, 577 F.Supp. 414, 416 (W.D.Penn.1983).

Defendants contend that jury costs are unreasonable costs which Commonwealth legislators have prohibited from being paid out of public funds.[3] The Court disagrees and instead considers them reasonable costs in the light of the already mentioned circumstances before us. It is to be noted that these costs are only imposed on last minute civil settlements, and only when the parties do not give prior notification or cannot show good cause for their dilatory action. This local rule does not prohibit settlement "on the steps of the Courthouse" but warns the parties and their counselors that they will incur the jury costs for unjustifiably late settlements. Such a provision merely assesses a cost of representing civil litigants in federal court, to be imposed just as filing fees, translation fees, or court reporter fees are imposed. Local Rule 323 is not intended and does not compel a litigant to make a settlement under a purported duty to settle. Nor does it coerce settlements.

The Court does not intend to make the Commonwealth a party to this suit, as defendants allege, instead this measure is directed at all parties and *attorneys* that decide to reach a last minute settlement "on the Courthouse steps."

█ Federal district courts enjoy broad discretionary power to interpret and apply their local rules to promote efficiency in their courts. *Matter of Adams*, 734 F.2d 1094, 1102 (5th Cir.1984). Local Rule 323 is consistent with Puerto Rico's legislation, Acts of Congress and the Supreme Court Rules; it complies with 28 U.S.C. section 2071, and Fed.R.Civ.P. 83, and does not change the parties' substantive rights nor does it alter the Court's jurisdiction in violation of Fed.R.Civ.P. 82 or 28 U.S.C. Section 2071. See also, *Miranda v. Southern Pacific Transp. Co.*, 710 F.2d 516, 521 (9th Cir.1983). The Court's imposition of jury costs does not conflict with the Eleventh Amendment or contravene the doctrine of sovereign immunity because the legislators of Puerto Rico through 32 L.P.R.A. 3090, Act No. 9 Laws of Puerto Rico 1975, p. 954, consented to incur the reasonable costs of representation which in this forum include jury fees for last minute civil settlements in absence of prior notification or showing of good cause. Furthermore, in *Hutto v. Finney*, 437 U.S. 678, 98 S.Ct. 2565, 57 L.Ed.2d 522 (1978), the Court stated:

> "Costs have traditionally been awarded without regard for the States' Eleventh Amendment immunity. The practice of awarding costs against the States goes back to 1849 in this Court ..."

> "A federal court's interest in orderly, expeditious proceeding 'justifies [i]t in treating the state just as any other litigant and in imposing costs upon it' when an award is called for." Id. at 696, 98 S.Ct. at 2576, citing from *Fairmont Creamery Co. v. Minnesota*, 275 U.S. 70, 77, 48 S.Ct. 97, 100, 72 L.Ed. 168 (1927).

Defendants attempt to distinguish the present case from *Martinez v. Thrifty Drug and Discount Co.*, 593 F.2d 992 (10th Cir.1979), where a local rule virtually identical to this Court's Rule 323, was upheld. Granted, the settlement stipulation in *Martinez* made it a more clear cut case. However, it still serves as a useful precedent to follow. There, the Court of Appeals not

---

**3.** In other civil rights cases brought before this Court where defendants have been represented by the Justice Department pursuant to 32 L.P.R.A. 3090, attorneys fees have been paid out of public funds. In *Carcballo v. López*, 601 F.Supp. 14, (D.P.R.1984), the Justice Department paid plaintiff the sum of $19,000 in attorneys fees from public funds, in addition to a $30,000 jury award.

only upheld the district court's power to make local rules (Fed.R.Civ.P. Rule 83) prescribing the conduct of its business, but more specifically ruled that the power needed to promote efficiency in the court included the power of imposing jury costs. *Martinez,* at 994.

In this case, defendants were sued individually and as police officers and the mere fact that the Commonwealth Justice Department assumed representation does not confer preferential treatment upon the parties or their attorneys (i.e. public vis a vis private parties or attorneys) in the application of Local Rule 323. The Commonwealth Justice Department, when acting as a litigant in this Court, enjoys no special privileges and none shall be recognized. In the eyes of the law, all litigants enjoy equal status. As Theodore Roosevelt once said: "No man is above the law and no man is below it, nor do we ask permission when we require him to obey it."

█ It is now settled that in a personal-capacity action fees cannot be recovered from a governmental entity by a prevailing party, because it would be inconsistent with the rule that the entity cannot be made liable on the merits under section 1983 on a *respondeat superior* basis. *Kentucky v. Graham,* —— U.S. ——, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985). However, the situation is different in Puerto Rico on account of Act No. 9 of 1975, 32 L.P.R.A. 3090. Here, the Commonwealth has consented to the payment of any judgment that may be entered against a Commonwealth official sued in his *personal capacity.*[4] Furthermore, Section 3092 provides that "The Secretary of the Treasury shall pay the judgments, *costs* and attorney's fees imposed on the defendants from available funds in the Treasury of Puerto Rico."[5]

In *Torres v. Toledo,* 586 F.2d 858 (1st Cir.1978), the Court of Appeals acknowledged that under Act No. 9 of 1975 the Commonwealth Government assumes payment of all and *any* amounts, including attorney's fees, and that the party defendant has no personal liability of any kind.

Finally, the payment of costs by the Commonwealth Government is not foreign in this jurisdiction. Under the provisions of the Act of Claims and Suits against the Commonwealth, 32 L.P.R.A. 3077 et seq., the latter may be ordered to pay costs. *Ramos Rivera v. Commonwealth,* 90 P.R.R. 806 (1964).

For the above mentioned reasons, defendants' motion for partial relief of judgment is hereby DENIED. Furthermore, within the next thirty (30) days the Justice Department of the Commonwealth of Puerto Rico is to deposit with this Court the sum of $1,455.74, which is the total amount assessed for jury costs.

IT IS SO ORDERED.

---

**4.** 32 L.P.R.A. 3085 (Cum.Pocket Supp.) provides that:

"Every official, ex-official, employee or ex-employee of the Commonwealth of Puerto Rico who is sued for damages in his personal capacity, when the cause of action is based on alleged violations of the plaintiff's civil rights, due to acts or omissions committed in good faith, in the course of his employment and within the scope of his functions, may request the Commonwealth of Puerto Rico to provide him with legal representation, and to subsequently assume the payment of any judgment that may be entered against his person. Executive Directors, ex-Executive Directors, members and ex-members of the Governing Boards of public corporations and Government instrumentalities, mayors and ex-mayors shall be covered by these provisions, ex-cept that for the payment of judgments, they shall be governed by the provisions of section 3092 of this title. Any action brought under the provisions of sections 3077–3084 of this title shall not be covered by the provisions of this section.

"Likewise, these provisions shall not be construed, for any reason whatsoever, as making the Commonwealth an insurer of the aforesaid public services, nor as a waiver of the sovereign immunity of the Commonwealth."

**5.** Whether the Commonwealth has waived its sovereign immunity in *civil rights actions,* or to what extent thereof, once the Secretary of Justice assumes legal representation of the Commonwealth official in question in the light of Act No. 9 of 1975, as amended, 32 L.P.R.A. 3085 et seq., *quaere.*