Tomas REYES, Plaintiff,

v.

The SUPERVISOR OF DRUG EN-
FORCEMENT ADMINISTRATION, et
al., Defendants.

Civ. No. 84–3160 HL.

United States District Court,
D. Puerto Rico.

Nov. 19, 1986.

Tomás Reyes, pro se.

Antonio Jiménez Miranda, Old San Juan, P.R., for plaintiff.

Carlos E. Rodríguez Quesada, Fed. Litigation Div., Dept. of Justice, San Juan, P.R., for Jorge L. Collazo.

## OPINION AND ORDER

LAFFITTE, District Judge.

Pro se plaintiff, an inmate in a federal penitentiary, brings suit against a federal law enforcement agency under the Privacy Act and against the head of a Commonwealth law enforcement agency under 42 U.S.C.A. § 1983.

Plaintiff's motion to amend his complaint is GRANTED. Though it is some two years since the original complaint was filed, amendment of the complaint at this point nonetheless causes defendants no undue prejudice. F.R.C.P. 23. The amendment merely serves to winnow some of the claims, while creating no new issues to which the defendants must respond. The pleadings will be considered on the amend-

1. Co-defendant Daniel F. López-Romo, U.S. Attorney for Puerto Rico, is not an agency within the definition encountered in Sect. 552a(a)(1). The claim against him is thus dismissed. Furthermore, there is no evidence of an independent source of the information contained in the U.S. Attorney's records. Plaintiff made no administrative attempts to amend those records. They will therefore be treated as containing information originally disseminated by the DEA. Any amendment required under the Privacy Act of DEA records would thus apply to the U.S. Attorney's records under Sect. 552a(b).

ed complaint and the co-defendants' previous motions for summary judgment and/or to dismiss.

## ACTION UNDER THE PRIVACY ACT

Plaintiff seeks amendment under the Privacy Act, 5 U.S.C. § 552a, of a document in the co-defendant Drug Enforcement Administration's (DEA) Investigative Reporting and Filing System. The portion of the document to which plaintiff objects as inaccurate reads, "According to the PRPD [Puerto Rico Police Department], Reyes-Peña was or is a member of the FALN (a New York City based Puerto Rican terrorist group) who is heavily involved in narcotics as a means to finance terrorists [sic] activities." Plaintiff is currently imprisoned for trafficking cocaine. The DEA has disclosed the challenged information to the FBI, the United States Probation Office, the Office of the United States Attorney, and the Bureau of Prisons among others.[1] Section 552a(b)(7) permits release of information to other agencies involved in criminal law enforcement activities.[2] The DEA has also disclosed the information to plaintiff.

■ Plaintiff has no cause of action under the Freedom of Information Act, 5 U.S.C. § 552, because that Act is concerned only with disclosure and not with amendment.

■ One threshold which plaintiff must cross before bringing a civil action under Sect. 552a(g) is to exhaust his administrative remedies. Section 552a(d)(3) provides for an appeal process within an agency when a person's request for amendment is denied by that agency. Plaintiff has failed

2. 5 U.S.C. sect. 552a(b) provides:

No agency shall disclose any record which is contained in a system of records ... unless disclosure of the record would be—

\* \* \* \* \* \*

(7) to another agency or to an instrumentality of any governmental jurisdiction within or under the control of the United States for a civil or criminal law enforcement activity ...

to make an appeal within the DEA as required. Until this appeals procedure is complied with, the Court cannot entertain plaintiff's civil action under section 552a(g)(1)(A).[3]

■ Even if plaintiff had complied with the statutory appeal procedure requirement, and received a denial therein, this Court could not grant plaintiff the relief he seeks. Section 552a(j)(2) grants a general exemption from the disclosure and amendment remedies in the statute for any system of records "maintained by an agency or component thereof which performs as its principal function any activity pertaining to the enforcement of criminal laws." [4] The other requirements are that the system of records must be compiled for the purpose of criminal investigation and the head of the agency must promulgate regulations justifying the exemption.

The DEA is an agency whose principal function is law enforcement. It has promulgated a regulation in 28 C.F.R. sect. 16.-98(c)(2) which specifically exempt the DEA's Investigative Reporting and Filing System from the requirements of the Privacy Act. Sect. 16.98(d)(3) justifies the exemption on the grounds that access to and right to challenge records would impede law enforcement by alerting a subject to an investigation.[5] Sect. 16.98(d)(4) justifies an exemption from the requirement in 5 U.S.C. 552a(e)(1) that the information be gathered for the express purpose for which the agency is statutorily directed on the ground that seemingly irrelevant information "can aid in establishing patterns of criminal activity and assist other law enforcement agencies that are charged with enforcing other segments of criminal law." Courts have explicitly determined that the DEA's Investigative Reporting and Filing System is compiled for law enforcement purposes and that the justifications satisfy Sect. 552a(j)(2). Accordingly, the DEA's exemption under the Privacy Act has been upheld. *Shapiro v. DEA*, 721 F.2d 215,

---

3. 5 U.S.C. sect. 552a(g)(1) provides:

 Civil remedies.—Whenever any agency

 (A) makes a determination under subsection (d)(3) of this section not to amend an individual's record in accordance with his request, or fails to make such review in conformity with that subsection;

 \* \* \* \* \* \*

 the individual may bring a civil action against the agency, and the district courts of the United States shall have jurisdiction in the matters under the provisions of this subsection.

4. 5 U.S.C. sect. 552a(j) provides:

 The head of an agency may promulgate rules ... to exempt any system of records within the agency ... if the system of records is—

 \* \* \* \* \* \*

 (2) maintained by an agency or component thereof which performs as its principal function any activity pertaining to the enforcement of criminal laws, including police efforts to prevent, control, or reduce crime or to apprehend criminals, and the activities of prosecutors, courts, correctional, probation, pardon, or parole authorities, and which consists of (A) information compiled for the purpose of identifying individual criminal offenders and alleged offenders and consisting only of identifying data and notations of arrests, the nature and disposition of criminal charges, sentencing, confinement, release, and

parole and probation status; (B) information compiled for the purpose of a criminal investigation, including reports of informants and investigators, and associated with an identifiable individual; or (C) reports identifiable to an individual compiled at any stage of the process of enforcement of the criminal laws from arrest or indictment through release from supervision.

5. 28 C.F.R. sect. 16.98(d) provides:

 Exemptions from the particular subsections [of 5 USC sect. 552a] are justified for the following reasons:

 (3) From subsection (d) because access to records contained in these systems would interfere with the overall law enforcement process by revealing a pending sensitive investigation, e.g., it may alert a subject to the existence of an investigation and thereby provide information to the subject which might enable him to avoid detection or apprehension, or it may alert collateral suspects yet unprosecuted in closed cases. Likewise, access to these records could present a serious impediment to law enforcement efforts by simply revealing a sensitive investigative technique. Finally, access to these records may possibly identify a confidential source, or disclose information which would constitute an unwarranted invasion of another individual's privacy or create a potential danger to the health and safety of law enforcement personnel.

217 (7th Cir.1983); *Nuñez v. DEA*, 497 F.Supp. 209, 211 (S.D.N.Y.1980).

■ The general exemption established for a particular system of records, plaintiff may not obtain amendment of portions of a record within the system. The justification need not apply to every record and every piece of a record as long as the system is properly exempted under the Privacy Act. *Shapiro, supra,* at 218. "The Privacy Act does not expressly give the court the right to look at the record to determine whether the exemptions set forth in subsection (j) are applicable." *Exner v. FBI*, 612 F.2d 1202, 1206 (9th Cir.1980). Segregability of exempt and nonexempt portions of agency records is available under the Freedom of Information Act (FOIA) only, not the Privacy Act. *Shapiro, supra,* at 218. *See also, Wightman v. Bureau of Alcohol, Tobacco, and Firearms*, 755 F.2d 979, 982 (1st Cir. 1985). The general exemption applies to the whole system regardless of the content of individual records within it. Thus, even though plaintiff has been convicted and imprisoned, he may not obtain amendment. *Shapiro, supra,* at 218.

We have already stated earlier that the Court could grant no relief to plaintiff under the FOIA. While the DEA was not required to disclose the information to plaintiff under the Privacy Act, it may have been so required under the FOIA. The First Circuit has held that Sect. 552(b)(3) of the FOIA, which exempts from disclosure under the FOIA any information specifically exempted from disclosure by other statute, does not apply to the Privacy Act. *Crooker v. United States Parole Commission*, 730 F.2d 1, 10 (1st Cir.1984); *Irons v. Bell*, 596 F.2d 468, 470 (1st Cir.1979). Even though exempted from disclosure by the Privacy Act, a plaintiff may still bring to bear the possibly slightly different standards in the FOIA to determine if the infor-

mation should be released. But, as stated earlier, the DEA has released the information to plaintiff. Its FOIA disclosure requirement, if it had one, has been met.

SECTION 1983 ACTION

The second part of plaintiff's amended complaint is brought under 42 U.S.C. 1983 and the First, Fifth, Eighth, and Fourteenth Amendments to the Constitution. The defendants are the Puerto Rico Police Department and the Superintendent of the Department. Plaintiff seeks an injunction compelling defendants to correct and refrain from disseminating the allegedly false information in their records that links plaintiff to a terrorist group. He seeks a declaration that past dissemination violated his rights and led to his subjection to a maximum sentence, politically motivated persecution, and deprivation of his right to fair justice and equal treatment under the law. Plaintiff also requests damages and attorneys fees and costs.

■ As a preliminary matter, jurisdiction over the defendants must be considered. Each defendant raises an Eleventh Amendment sovereign immunity defense.[6] Unless a state has waived its Eleventh Amendment immunity, or Congress has overridden it, neither a state nor a state agency may be sued directly in its own name in federal court, regardless of the relief sought. However, when a state official is sued in his official capacity for prospective relief, the eleventh amendment is no bar to the suit. *Ex parte Young*, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908). This is accomplished by a fiction that it is the individual and not the state being sued. The Eleventh Amendment does bar suit against a state official, in his official capacity, where it can be shown that the state or a state agency would be directly affected by the case, and the judgment, if rendered, would come from the state treasury.[7]

---

6. The Eleventh Amendment reads:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of

another State, or by Citizens or Subjects of any Foreign State.

7. In Puerto Rico, by virtue of Act No. 9 of 1975, 32 L.P.R.A. 3092, a Section 1983 claim may be payable from public funds. *See Ruiz Ruiz v. Nazario,* 108 F.R.D. 399, 402 (D.C.P.R.1985).

*Edelman v. Jordan,* 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974). *See also, Kentucky v. Graham,* 473 U.S. 159, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985).

 The action for declaratory and injunctive relief against co-defendant Superintendent, in his official capacity, is not, then, barred by the Eleventh Amendment. It is prospective. The claim for money damages is barred, however, as it would be paid out of state coffers. The claim against the Puerto Rico Police Department is barred by the Eleventh Amendment. The Department is a state agency which may not be sued directly in federal court because the state has not waived its immunity.

Plaintiff brings his claim for declaratory and injunctive relief against the Superintendent under 42 U.S.C. 1983.[8] The statute provides redress to persons whose constitutional rights are deprived under the color of law. The rights of which plaintiff alleges he was deprived are broad—due process, fair justice, and equal treatment—all of which allegedly occurred as a result of the Puerto Rico Police Department's dissemination of false information.

 To sustain a claim of constitutional magnitude in cases alleging false information in records, a prisoner must allege that the information was relied upon to a constitutionally significant degree, in addition to inquiring into the falsity of the information itself. *Paine v. Baker,* 595 F.2d 197, 201 (4th Cir.1979). Plaintiff must show that the information in the Police Department's files was relied upon to deprive him of rights contemplated by sect. 1983.

 First, plaintiff has failed to allege with specificity what constitutional rights were deprived him. Complaints based on civil rights statutes must go beyond mere conclusions; they must at least outline facts constituting the alleged violation.

*Fisher v. Flynn,* 598 F.2d 663, 665 (1st Cir.1979). Plaintiff fails to allege any facts which could be construed to have caused him deprivation of constitutional rights.

Second, even if plaintiff could point to specific instances of deprivation of his rights, he must link defendant, the Superintendent of the Police Department, with that deprivation. He must link the information in the file to deprivation of his rights. Plaintiff has failed to allege facts to prove that anyone relied dispositively on the information that plaintiff is a terrorist to deprive him of rights.

Finally, plaintiff's broad appeal for equity does not persuade the Court to enjoin dissemination of the information and order expunction. In the absence of an expunction statute, it has been held to be within the inherent equitable power of federal courts to order the expunction of records in appropriate cases. *United States v. Doe,* 556 F.2d 391, 393 (6th Cir.1977); *United States v. McMains,* 540 F.2d 387,389 (8th Cir.1976); *Menard v. Saxbe,* 498 F.2d 1017, 1023 (D.C.Cir.1974); *Natwig v. Webster,* 562 F.Supp. 225, 227 (D.R.I.1983). This includes actions brought directly against the custodian of state criminal justice records, as in this case. *Menard, Natwig, supra.* The power is a narrow one, however, reserved for the unusual or extreme case. *United States v. Linn,* 513 F.2d 925, 927 (10th Cir.1975). Determining which cases fall into the narrow category entails balancing the interests of the State in maintaining law enforcement records against the individual's rights or the harm to the individual resulting from maintenance of the records. *United States v. Schnitzer,* 567 F.2d 536, 539 (2nd Cir.1979), cert. denied, 435 U.S. 907, 98 S.Ct. 1456, 55 L.Ed.2d 499 (1978); *Bromley v. Crisp,* 561 F.2d 1351, 1364 (10th Cir.1977); *Natwig, supra,* at 228. Since plaintiff has failed to

---

8. 42 U.S.C. sect. 1983 states:
 Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

plead any individual rights of which he may have been deprived or harm which he may have suffered as a result of maintenance of the records, the Commonwealth's interest is paramount.

The Court notes that because plaintiff's federal claim is dismissed, ancillary jurisdiction may not be had of plaintiff's possible state law claim under 4 L.P.R.A. sect. 531g, n, and o.[9]

WHEREFORE, plaintiff's claim for amendment of that part of the DEA's record on him identifying him with the FALN is hereby dismissed for failure to state a claim for which relief may be granted. F.R.C.P. 12(b)(6). And plaintiff's claim for declaratory and injunctive relief against the Superintendent of the Puerto Rico Police Department is dismissed on the same grounds.

The Clerk is directed to enter judgment dismissing the complaint.

IT IS SO ORDERED.

---

**9.** 4 L.P.R.A. sect. 531 provides in pertinent part:

531g.—Security and accuracy of information; protection of individual privacy

The Executive Board shall take all necessary measures, which shall not be limited to the promulgation of rules and regulations, to insure to the maximum degree, the security and accurary of all information complied through the System, and the protection of each individual's right to privacy in accordance with the constitutional principles of the Commonwealth. The Executive Board shall take all the necessary measures to ascertain that the Criminal Justice Information System will not record any data regarding the political affiliation or activities of any person.

531n.—Administrative review

Any person may file a written claim with the Administrative Director alleging that all or part of the information complied by the Criminal Justice Information System under his name is incorrect, incomplete or illegal. The claim shall contain the grounds for the allegation, the complementing or substituting data that should allegedly appear in the record and the specific information which was allegedly illegally recorded.

\* \* \* \* \* \*

If the allegation is rejected, the claimant may file a petition for reconsideration before the whole Executive Board within five (5) days after the Administrative Director's notice has been received.

531o. Judicial review

(a) Any person affected adversely by a resolution or order of the Executive Board may request the Superior Court of the Commonwealth of Puerto Rico for a judicial review of said resolution or order.