**Mary Beatrice MARTINEZ, Plaintiff-Appellant,**

v.

**THRIFTY DRUG AND DISCOUNT COMPANY, Defendant-Appellee.**

**No. 78–1568.**

United States Court of Appeals, Tenth Circuit.

Submitted Feb. 15, 1979.

Decided March 19, 1979.

John J. Duhigg, of Duhigg & Cronin, Albuquerque, N. M., for plaintiff-appellant.

Michael P. Watkins, of Oldaker, Oldakar & Watkins, Albuquerque, N. M., for defendant-appellee.

Before McWILLIAMS, BARRETT and DOYLE, Circuit Judges.

WILLIAM E. DOYLE, Circuit Judge.

The only question presented in this appeal is that of the validity of a district court rule promulgated in the United States District Court for the District of New Mexico, which authorized the court, under certain conditions, to impose jury costs against the parties and their counsel in an instance where there has been a failure to notify the clerk before 12 noon of the last business day preceding the time when the action is scheduled for trial so that the jurors could be advised that there is no necessity for them to attend court.

The action was originally filed August 22, 1977. On May 18, 1978, a jury was selected and the cause was set for trial on May 22, 1978. It was on the morning of trial that the action was dismissed by joint stipulation of the parties. Included in the stipulation was a provision that any assessment of costs "shall be borne solely by the Plaintiff and that the Defendant shall not be liable therefor." The next day, May 23, 1978, the clerk of the district court assessed against plaintiff and her counsel jury costs in the amount of $1,026.72. The case was dismissed by joint motion and an order which were filed on May 25, 1978.

28 U.S.C. § 2071 authorizes rulemaking power of the district courts. It empowers the court to make rules prescribing the conduct of business. The only requirement is that the rules will be consistent with the Acts of Congress and the rules prescribed by the Supreme Court. Rule 83 of the Federal Rules of Civil Procedure allows the district courts to make and amend rules governing the practice not inconsistent with the Rules of Civil Procedure.

Plaintiff-appellant points to 28 U.S.C. § 1920, which says that a judge or clerk may tax as costs fees of the clerk and marshal, fees of the court reporter, fees and disbursements for printing and witnesses, fees for exemplification and copies of papers necessarily obtained for use in the case and docket fees under § 1923, etc. It is said that there is no express provision for jury costs in the statute and therefore the attempted assessment cannot be implied and is void. We disagree with this contention.

The Third Circuit decision in *Gamble v. Pope & Talbot, Inc.*, 307 F.2d 729 (3rd Cir.), cert. denied, *U. S. Dist. Court for Eastern Dist. of Pa. v. Mahoney*, 371 U.S. 888, 83 S.Ct. 187, 9 L.Ed.2d 123 (1962), involved the authority of the court to impose costs as a sanction for which no provision was made in the Rules of Civil Procedure. There the Third Circuit said that this "local rule making power, while not limited to the trivial, cannot extend to basic disciplinary innovations requiring a uniform approach." 307 F.2d at 732. This case was decided en banc and there were two dissents, that of Chief Judge Biggs and Judge Goodrich. The rationale for the majority decision was that where an attorney is not held in contempt or given a hearing, the district court lacks authority to discipline him even under Rule 83, which authorizes the district courts to promulgate rules with which to run their affairs.

The Second Circuit in the case of *In Re Sutter*, 543 F.2d 1030 (2d Cir. 1976), approved the imposition of $1,500 in costs against an attorney who caused a three-day delay at the commencement of a criminal trial. It was said that the attorney could have prevented the delay and his actions caused great inconvenience and expense to all concerned. It was said further by the court in support of its decision that the district court had power to promulgate and uphold rules, the violation of which would

have a pecuniary effect on defendant and counsel. It was held that this could be exercised short of contempt powers. The decision of the Third Circuit was rejected.

The case of *Woodham v. American Cystoscope Co.*, 335 F.2d 551 (5th Cir. 1964), upheld the right of the court to resort to disciplinary action against an erring attorney. This court cited with approval the decision of Judge Van Dusen, the district judge in *Gamble v. Pope & Talbot, supra.*

The courts in construing Rule 83 have held that a broad discretion exists in applying rules to promote efficiency in the court. *Lance, Inc. v. Dewco Services, Inc.*, 422 F.2d 778 (9th Cir. 1970). It is also held that the rules are binding on parties before the court and are to be construed as having the same force and effect as law. *Woods Construction Company, Inc. v. Atlas Chemical Industries, Inc.*, 337 F.2d 888, 890 (10th Cir. 1964), and *see also Brewster v. North American Van Lines, Inc.*, 461 F.2d 649 (7th Cir. 1972), which recognizes that this rulemaking power extends to the allocation of costs under Rule 83, Federal Rules of Civil Procedure.

The position of Professor Moore is in support of the authority of the courts to make rules authorizing allowance of costs by the trial judge. 6 Moore's Federal Practice ¶ 54.77[8] at 1749–1750 (2d ed. 1976). *See also* Moore's Federal Practice ¶ 38.08[5] at 84, 84.1 (2d ed. 1978) (the author here discusses generally the matter of the validity of assessment of jury costs or expenses).

So in appraising the rule of the District Court of New Mexico, it is to be concluded that it falls within the object and purpose of administering the court in an efficient manner.

In the case before the court, it is to be observed that the plaintiff-appellant apparently recognized that the settlement was at odds with the rule and so there is a stipulation that the plaintiff-appellant would be responsible for these costs. Perhaps counsel for plaintiff-appellant was not conscious of the amount. That, however, makes no difference. The court, as we view it, would have been justified in imposing this item of jury costs as an expense based on the stipulation.

The judgment is affirmed.