783 F.2d 1175
 4 Fed.R.Serv.3d 1146
 Edith D. WHITE, Executrix of the Estate of Linwood Erle
White, Jr., deceased; Edith Duffy White; James R. Revell,
Sr., Administrator of the Estate of Charles E. Revell, Sr.,
deceased; Thelma Harts, Executrix of the Estate of Cephus
Edward Roscoe, deceased, Appellees,
v.
RAYMARK INDUSTRIES, INC., a Connecticut corporation, Appellant,
and
Raymark Corporation, a Connecticut corporation;
Owens-Corning Fiberglass Corporation; A Delaware
corporation; Owens-Illinois Glass Company, an Ohio
corporation; Nicolet, Inc., a Pennsylvania corporation;
Pittsburgh Corning Corporation, a Pennsylvania corporation;
The Celotex Corporation, a Delaware corporation; H.K.
Porter Company, Inc., a Delaware corporation; Southern
Textile Corporation, f/k/a Southern Asbestos Company, a
Delaware corporation; Garlock, Inc., Precision Seal
Division, an Ohio corporation; Eagle-Picher Industries,
Inc., an Ohio corporation; Raybestos-Manhattan, Inc.; H.K.
Porter Company, Inc., Thermoid Division, a Delaware
corporation, Defendants.
 No. 84-1743.
 United States Court of Appeals,
Fourth Circuit.
 Argued Oct. 8, 1985.
Decided Feb. 21, 1986.
 
 James M. McCauley (William V. Hoyle, Charles A. Smith, Scott J. Varland, Hoyle, Corbett, Hubbard & Smith, Newport News, Va., on brief), for appellant.
 Eugene Gressman, School of Law, University of N.C. Chapel Hill, N.C., for amicus curiae.
 Before PHILLIPS, ERVIN and CHAPMAN, Circuit Judges.
 ERVIN, Circuit Judge:
 
 
 1
 This is an appeal from the district court's order assessing juror costs in the amount of $2,000.00 against appellant Raymark Industries, Inc., pursuant to Local Rule 20(C) of the Federal Local Rules for the Eastern District of Virginia. Raymark challenges the validity and application of the local rule. Finding no merit in Raymark's arguments, we affirm the district court's order.
 
 I.
 
 2
 The jury cost order arose out of a multiparty personal injury suit against Raymark and others, claiming that the plaintiffs had been injured by exposure to the defendants' asbestos products. The trial was calendared for April 11, 1984. During the months preceding trial, all defendants, except Raymark and Pittsburgh Corning Corporation, entered settlement agreements with plaintiffs. Settlement negotiations between Raymark and plaintiffs occurred infrequently prior to trial.
 
 
 3
 Counsel for plaintiffs sent a letter containing a settlement demand dated January 25, 1984 to Raymark. Raymark responded with a counter-offer on or about March 23, 1984. There was nominal movement toward settlement from March 23 to April 6, 1984. Between April 6, 1984 and the trial date, plaintiffs' counsel vigorously attempted to negotiate a final settlement with Raymark. Raymark's counsel, however, was prohibited from agreeing on a settlement figure without the permission of Raymark's insurance carrier. This authorization was unobtainable from April 6 to April 11. The National Coordinator for the insurance company was "out of town," and no other company representative had the power to approve a settlement.[1]
 
 
 4
 On the morning of trial, Raymark's counsel, having received the belated authorization from the insurance carrier, entered a settlement agreement with the plaintiffs. The agreement was made, however, after 65 veniremen had been summoned and appeared for jury duty. Upon learning of the settlement, the court reminded Raymark's counsel of the court's warning on the previous day that jury costs would be assessed in the event of an unjustified delay in settling the case. Raymark's counsel was given opportunity to state reasons why Raymark should not incur the costs. The court, citing the insurance carrier's misconduct, ordered Raymark to pay the expense for the jury's unnecessary presence. Raymark appeals from this order.[2]
 
 II.
 
 5
 The first issue on appeal is whether Local Rule 20(C) of the Federal Local Rules for the Eastern District of Virginia is valid. The rule states:
 
 
 6
 Whenever any civil action scheduled for jury trial is settled or otherwise disposed of in advance of the actual trial, then, except for good cause shown, juror costs, including Marshal's fees, mileage and per diem, shall be assessed equally against the parties and their counsel or otherwise assessed as directed by the Court, unless the Clerk's Office is notified at least one full business day prior to the day on which the action is scheduled for trial in time to advise the jurors that it will not be necessary for them to attend.
 
 
 7
 Raymark claims that the district court did not have the power to promulgate the rule. We disagree.
 
 
 8
 The district court's authority to adopt Local Rule 20(c) stems from three sources: (1) the inherent power vested in federal courts; (2) 28 U.S.C. Sec. 2071 (1982); and (3) Fed.R.Civ.P. 83. In emanating from these sources, a local rule must not be inconsistent with or preempted by federal statutes or uniform federal rules.
 
 
 9
 The inherent judicial power to control and protect the administration of court proceedings has been recognized and invoked many times. The most recent and indeed the most pertinent recognition and application of the inherent power of federal district courts is the Third Circuit's en banc decision in Eash v. Riggins Trucking Inc., 757 F.2d 557 (3rd Cir.1985). Dividing 6 to 4, the en banc court held that, even in the absence of any local rule on the subject, a federal district court has inherent power to impose on defendants' attorney the costs of impaneling a jury for one day for the attorney's alleged abuse of the judicial process. The abuse was akin to that found in the instant case--an unjustified delay in settling a personal injury case until the day the trial was to begin and the jury venire had assembled.[3]
 
 
 10
 The Eash opinion contains an in-depth analysis of the inherent power concept as used in the federal court system. That analysis need not be repeated here. We agree with it and the conclusion arising therefrom that the power to impose juror costs on those responsible for delaying a settlement until the jury venire has been assembled is an ingredient of a federal court's inherent powers.
 
 
 11
 We find no merit in Raymark's assertion that the concept of inherent power is limited to cases, like Eash, that involve disciplining attorneys, not litigants. Federal courts have long recognized their inherent power to sanction litigants for misbehavior in the judicial process. See, e.g., Alyeska Pipeline Service Co. v. Wilderness Society, 421 U.S. 240, 258-59, 95 S.Ct. 1612, 1622-1623, 44 L.Ed.2d 141 (1975) (courts have the inherent power to tax counsel fees against a party who has litigated in bad faith); Link v. Wabash Railroad Co., 370 U.S. 626, 630-31, 82 S.Ct. 1386, 1388-1389, 8 L.Ed.2d 734 (1962) (the court's authority to dismiss a party's case is an inherent "control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases").
 
 
 12
 There is no distinction between attorney and litigant abuses of the judicial process when applying the inherent power of the federal courts to penalize those responsible for the wrongful conduct. Indeed, the Supreme Court has cited the judicial inherent power to sanction litigants as authority for penalizing an attorney. Roadway Express, Inc. v. Piper, 447 U.S. 752, 765-66, 100 S.Ct. 2455, 2463-2464, 65 L.Ed.2d 488 (1980) (citing Link, 370 U.S. at 629-30, 82 S.Ct. at 1388-89 and Alyeska Pipeline Service Co., 421 U.S. at 258-59, 95 S.Ct. at 1622-23). Likewise, the Eash court relied on cases of litigant discipline to support its holding that an attorney can be assessed with juror costs. Eash, 757 F.2d at 565, 567, 569.
 
 
 13
 The inherent power of the courts to impose sanctions on attorneys and litigants has been codified at 28 U.S.C. Sec. 2071 (1982)[4] and Fed.R.Civ.P. 83.[5] Both the statute and the rule explicitly recognize the authority of federal district courts to promulgate local rules of procedure, provided only that such local rules must not conflict or be inconsistent with any other federal statute or uniform rule of procedure.
 
 
 14
 Referring to the rule making authority conferred on courts by section 2071 and Rule 83, the Tenth Circuit validated a local rule[6] very similar to the one in the instant case. Martinez v. Thrifty Drug and Discount Co., 593 F.2d 992 (10th Cir.1979). The Martinez court upheld an assessment of juror costs made against plaintiff, pursuant to Local Rule 15e, when a last minute settlement was made too late to notify the jurors not to attend.
 
 
 15
 We find no merit in Raymark's claim that Local Rule 20(c) is inconsistent with and preempted by federal statutes and uniform federal rules. Raymark cited no case law supporting its argument. Indeed, authority to the contrary exists. See, e.g., Roadway Express, Inc., 447 U.S. at 765, 100 S.Ct. at 2463 (nothing in 28 U.S.C. Sec. 1920 suggests that Congress intended to preclude the use of monetary sanctions not expressly provided for in the statute); Eash, 757 F.2d at 566-68 (discussing the many financial sanctions imposed by courts, notwithstanding the absence of congressional authorization); Martinez, 593 F.2d at 993-94 (assessment of jury costs is not preempted by 28 U.S.C. Sec. 1920).
 
 III.
 
 16
 The second issue on appeal is whether the district court abused its discretion in assessing juror costs against Raymark. Raymark asserts that it had negotiated in good faith and on the same "footing" as plaintiffs at all times prior to trial. The record, however, does not support Raymark's assertion.
 
 
 17
 The evidence shows that despite plaintiffs' vigorous attempts to reach a settlement with Raymark during the week prior to trial, Raymark would not negotiate. Raymark's insurance carrier was "unavailable" to authorize a final settlement agreement. As a result of the insurance carrier's improper conduct, settlement became impossible during the critical period preceding the trial date. Under such circumstances, we cannot find that the district court abused its discretion in assessing juror costs pursuant to Local Rule 20(c) against Raymark. Accordingly, the district court is affirmed.
 
 
 18
 AFFIRMED.
 
 
 
 [1]
 Raymark's counsel told the court and plaintiffs' counsel that the National Coordinator was the only person in the insurance company who could authorize a final settlement figure. We believe such policy and the consequences thereof reflect irresponsible conduct on the part of Raymark's insurance carrier
 
 
 [2]
 We appointed an amicus curiae to argue in support of the district court's order. Professor Eugene Gressman kindly agreed to serve as amicus. We express our appreciation for his valuable aid to the court
 
 
 [3]
 In Eash, the district court had ordered the defendants' counsel to pay $390, a sum representing the cost of 13 jurors. The Third Circuit vacated that order and remanded for further proceedings, inasmuch as the offending counsel had not been given reasonable notice or an opportunity to show cause why the penalty should not be imposed. The lack of reasonable notice was primarily due to the absence of any "local rule or custom" on the matter and the lack of any court admonition or warning that such a penalty might be imposed. Eash, 757 F.2d at 571
 A remand on similar grounds is not warranted in the instant case. Raymark had reasonable notice that the assessment of jury costs might be made. Rule 20(c) had been used against Raymark in a prior case. The district court also informed Raymark on the day before trial that juror costs would be assessed, as had been done in the previous case, if Raymark waited to settle until the day of trial. Raymark was also given opportunity to show cause why the penalty should not be imposed.
 
 
 [4]
 The section states: "The Supreme Court and all courts established by Act of Congress may from time to time prescribe rules for the conduct of their business. Such rules shall be consistent with Acts of Congress and rules of practice and procedure prescribed by the Supreme Court". 28 U.S.C. Sec. 2071 (1982)
 
 
 [5]
 The rule states: "Each district court by action of a majority of the judges thereof may from time to time make and amend rules governing its practice not inconsistent with these rules. Copies of rules and amendments so made by any district court shall upon their promulgation be furnished to the Supreme Court of the United States. In all cases not provided for by rule, the district courts may regulate their practice in any manner not inconsistent with these rules". Fed.R.Civ.P. 83
 
 
 [6]
 That local rule states: "Whenever any civil action scheduled for jury trial is settled or otherwise disposed of in advance of the actual trial, then except for good cause shown, all jury costs, Marshal's fees, mileage, and per diem, shall be assessed equally against the parties and their counsel, or otherwise assessed as directed by the Court unless the Clerk is notified before twelve noon of the last business day preceding the time when the action is scheduled for trial, in time to advise the jurors that it will not be necessary for them to attend. Likewise, when any civil action, proceeding as a jury trial, is settled at trial in advance of the verdict, then, except for good cause shown, jury costs, including Marshal's fees, mileage, and per diem, shall be assessed equally against the parties and their counsel, or otherwise assessed as directed by the Court". Local Rule 15 e of the Federal Local Rules for the District of New Mexico