In re Gedney M. HOWE, III, Appellant.

UNITED STATES of America, Appellee,

v.

8.4 ACRES OF LAND LOCATED IN LITTLE RIVER TOWNSHIP, HORRY COUNTY, SOUTH CAROLINA, With Improvements Thereon, Known as Little River Campground; One Parcel of Real Property Located on Watson Avenue, Little River Village, Horry County, South Carolina, With Improvements Thereon and One (1) 1980 Cadillac Eldorado, Vin GL579AE622602, Defendants.

No. 85–2357.

United States Court of Appeals, Fourth Circuit.

Argued May 8, 1986.

Decided Aug. 14, 1986.

**1252**

Arthur G. Howe (Alvin Hammer, Gedney M. Howe, III, on brief) for appellant.

John B. Grimball, Asst. U.S. Atty. (Vinton D. Lide, U.S. Atty., on brief) for appellee.

Before WIDENER, ERVIN and WILKINSON, Circuit Judges.

PER CURIAM:

Attorney Gedney M. Howe, III, is here challenging the sanctions ordered against him for being late in answering on behalf of his client Interrogatories and Requests for Production. Howe had been ordered by the district court on September 27, 1985, to serve discovery on or before Tuesday, October 15, 1985. Howe violated this order.

When the court learned that Howe had not responded as required, the court gave Howe at a hearing on Friday, October 18, 1985, an opportunity to give reason why he had failed to comply with the order compelling production. The court, finding that the excuses did not justify the delay, ordered Howe to pay a $250.00 sanction per day for each day he was late in responding to the discovery order. After the October 18 hearing, Howe paid $750.00 for being three days late as of that time.

On Monday, October 21, 1985, Howe complied with the order compelling discovery. Although Howe then owed an additional $500.00 pursuant to the October 18 order, the court excused payment for Saturday and Sunday.

On appeal, Howe challenges the October 18 sanction order. Finding no merit in Howe's arguments, we affirm.

■ A federal district court has the inherent power to impose monetary sanctions on attorneys who fail to comply with discovery orders. *See Roadway Express, Inc. v. Piper,* 447 U.S. 752, 100 S.Ct. 2455, 65 L.Ed.2d 488 (1980); *cf. White v. Raymark Industries, Inc.,* 783 F.2d 1175 (4th Cir. 1986) (courts have the inherent power to sanction those who abuse the judicial process); *Eash v. Riggins Trucking Inc.,* 757 F.2d 557 (3rd Cir.1985) (courts have the inherent power to sanction attorneys with monetary penalties); *Miranda v. Southern Pacific Transportation Co.,* 710 F.2d 516 (9th Cir.1983) (imposing monetary sanctions on attorneys is proper under the court's inherent power). Such sanctions are not only to penalize the attorney, but are also necessary to deter similar conduct in the pending case and in other litigation. *See National Hockey League v. Metropolitan Hockey Club, Inc.,* 427 U.S. 639, 96 S.Ct. 2778, 49 L.Ed.2d 747 (1976). Accordingly, we find that the $750.00 sanction ordered by the court on October 18 for Howe's previous three day violation of the discovery order, was a proper exercise of the district court's inherent power to limit violations of the judicial process. We, therefore, find no abuse of the court's discretion.

■ We also find that the sanctions levied prospectively on October 18 were in accordance with the well recognized inherent power of the federal courts to issue contempt orders. "The most prominent of [the inherent powers] is the contempt sanction, 'which a judge must have and exercise in protecting the due and orderly administration of justice and in maintaining the authority and dignity of the court.'" *Roadway,* 447 U.S. at 764, 100 S.Ct. at 2463 (quoting *Cooke v. United States,* 267 U.S. 517, 539, 45 S.Ct. 390, 396, 69 L.Ed. 767 (1925)). Such contempt order was not an abuse of the court's discretion under the instant facts.

The contempt order issued herein was civil, despite Howe's argument to the con-

trary. The order's purpose was to coerce Howe's future compliance with the discovery order. *See Consolidation Coal Co. v. Local 1702, United Mineworkers of America,* 683 F.2d 827 (4th Cir.1982) (the essence of civil contempt is to coerce future behavior; if the overall nature of the contempt order is to coerce prospective conduct, it is civil) (citing *Windsor Power House Coal Co. v. District 6, United Mine Workers of America,* 530 F.2d 312 (4th Cir.1976)).[1] Indeed, the court's excusal of the Saturday and Sunday sanctions shows that the court's purpose and intent behind the contempt order were to coerce, not to penalize. *See id.* (gist of criminal contempt is to penalize). Because we find that the contempt herein is civil, and not criminal, we reject Howe's contention that Federal Rule of Criminal Procedure 42(b) should have applied.

Finally, we find that Howe's due process rights were not violated when the court imposed monetary sanctions and issued a civil contempt order. The district court is, therefore, affirmed.

AFFIRMED.

---

**1.** Howe asserted at oral argument that because the sanction in issue was not to be paid to the opposing party, the contempt could not be civil. We reject this argument under the facts of this case, where the overall nature of the instant contempt order was coercive. *See Consolidation Coal,* 683 F.2d at 830 (citing *Windsor Power House,* supra).