898 F.2d 146
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
W. Clyde LOWRY, Jr.; Kathleen Lowry, Plaintiffs-Appellees,
v.
CELOTEX CORPORATION; Keene Corporation, Defendants-Appellants,
and
Armstrong World Industries; Carey Canada, Inc.; Combustion
Engineering; Eagle-Picher Industries, Inc.; Fibreboard
Corporation; Flintkote Company; Grant Wilson, Inc.; H.K.
Porter Company, Inc.; National Gypsum; Nicolet, Inc.;
Owens-Corning Fiberglass Corp.; Owens-Illinois, Inc.;
Pittsburgh Corning Corporation; Raymark Industries, Inc.,
formerly known as Raybestos Manhatten, Inc.; Rock Wool
Manufacturing Co., Inc.; Rutland Fire Clay Company; Turner
& Newall, individually, etc.; GAF Corporation, Defendants.
Thomas AVENT, Plaintiff-Appellee,
v.
ARMSTRONG CONTRACT & SUPPLY, INC.; Benjamin Foster Co.,
Division of Achem Products; the Celotex Corporation, etc.;
Fibreboard Corporation, PABCO Industrial Products Division;
Keene Corporation; National Gypsum Company; Owens-Corning
Fiberglass Corp.; Pittsburgh Corning Corporation; H.K.
Porter, Inc.; Southern Textile Corporation; Rock Wool
Manufacturing Co., Inc., Defendants-Appellants,
and
Eagle-Picher Industries, Inc.; GAF Corporation; W.R. Grace
& Co.; Nicolet, Inc.; Raymark Industries, Inc.,
Defendants.
Charles WILKERSON, Plaintiff-Appellee,
v.
CELOTEX CORPORATION; H.K. Porter Company, Inc.; Keene
Corporation; Owens-Corning Fiberglass Corp.;
Pittsburgh Corning Corporation,
Defendants-Appellants,
and
Armstrong World Industries; Eagle-Picher Industries, Inc.;
Fibreboard Corporation; GAF Corporation; Garlock, Inc.,
Precision Seal Division; National Gypsum; Owens-Illinois,
Inc.; Nicolet, Inc.; Raymark Industries, Inc., formerly
known as Raybestos Manhatten, Inc., Defendants.
Myatt J. SANDY, Plaintiff-Appellee,
v.
ARMSTRONG WORLD INDUSTRIES; Benjamin Foster Co., Division
of Achem Products; the Celotex Corporation; Fibreboard
Corporation; PABCO Industrial Products Division; Keene
Corporation; National Gypsum Company; Owens-Corning
Fiberglass Corporation; Pittsburgh Corning Corporation;
H.K. Porter Company, Inc.; Rock Wool Manufacturing Co.,
Inc.; Owens-Illinois, Inc., Defendants-Appellants,
and
Eagle-Picher Industries, Inc.; GAF Corporation, Inc.;
Nicolet, Inc., Defendants.
 No. 88-3135 to 88-3138.
 United States Court of Appeals, Fourth Circuit.
 Argued: May 8, 1989.
Decided: Feb. 21, 1990.
 
 Appeals from the United States District Court for the Eastern District of North Carolina, at Raleigh. W. Earl Britt, Chief District Judge. (C/A Nos. 86-704-N-CIV, 86-977-5-CIV, 86-1069-5-CIV, 86-1228-5-CIV)
 William T. Causby (R. Bruce Shaw, David G. Traylor, Jr., Joseph M. Melchers, Nelson, Mullins, Riley & Scarborough; Donald E. Britt, Jr., Poisson, Barnhill & Britt, on brief), for appellants.
 Thomas Fleming Taft (Taft, Taft & Haigler; Michael Brickman, Ness, Motley, Loadholt, Richardson & Poole; Leonard T. Jernigan, Jr., Jernigan & Maxfield, on brief), for appellees.
 E.D.N.C.
 AFFIRMED.
 Before WILKINSON, Circuit Judge, HAYNSWORTH,* Senior Circuit Judge, and CHARLES H. HADEN, II, Chief United States District Judge for the Southern District of West Virginia, sitting by designation.
 PER CURIAM:
 
 
 1
 Appellants assail the district court's exercise of discretion in the assessment and allocation of juror costs against them in late settling asbestos personal injury cases.
 
 
 2
 The district judge assessed jury costs by authority of Rule 16.01 of the Local Rules for the Eastern District of North Carolina, which provides, inter alia, as follows:
 
 
 3
 Whenever a civil action scheduled for jury trial is settled ... in advance of the actual trial, then, except for good cause shown, juror costs for one day shall be assessed equally against the parties and their counsel or otherwise assessed or relieved as directed by the court.... No juror costs will be assessed if notice of settlement ... of the case is given to the court one full business day prior to the scheduled trial date.
 
 
 4
 The invocation of the rule, which caused this appeal, occurred because the trial court was not notified until after sixty jurors were present on the day of trial that the five cases set for trial on that date had been settled.
 
 
 5
 Inasmuch as counsel for the plaintiffs only was present in court on the date of trial to notify the trial judge of the settlement of the cases, the judge convened a hearing the following day to consider the absence of other counsel and assessment of jury costs.
 
 
 6
 At the hearing it developed that four of the five cases set for trial on Monday, June 13, 1988, actually settled during negotiations on the prior Friday during business hours. One case, in which a Mr. Nunnamaker was plaintiff, did not settle and the appellants, common defendants in all five cases, chose to treat all five as a "package" for negotiation and settlement purposes. Thus, although four cases had been settled on the previous business day, court personnel were not notified in time to excuse all jurors except those necessary to impanel the remaining case.
 
 
 7
 Sometime over the weekend of June 10, counsel resolved the final case. After this deed was done, plaintiffs' local counsel was assigned by the lawyers in all five cases to notify the court on Monday, when the trials were to commence, that all cases had settled.
 
 
 8
 With those facts in hand Judge Britt, in terse orders bereft of specific findings, concluded per Rule 16.01 that jury costs would be assessed equally between plaintiff and defendants in the Nunnamaker case but allocated wholly against the common defendants in the four cases which had been negotiated to settlement on the previous business day.
 
 
 9
 On this appeal the appellants argue that under the local rule juror costs, where appropriate, should be assessed equally among the parties unless the court makes a finding of misconduct against a party or otherwise explains its reasoning for allocating costs on other than an equal basis. Thus, the appealing defendants contend the assessment of costs against them absent any finding or explanation constituted an abuse of the trial court's discretion.
 
 
 10
 Although specific findings by the trial court would have facilitated review of the discretion in issue, our reading of the record demonstrates the district judge was entirely justified in his assessment and allocation of jury costs.
 
 
 11
 The validity of the local rule is not in question on this appeal. An almost identical rule of the Eastern District of Virginia was approved as valid in White v. Raymark Industries, Inc., 783 F.2d 1175, 1176 (4th Cir.1986). There is also no question here involving due process extended the parties. Before the court imposed the jury costs pursuant to the rule, the parties were notified of the court's intent to explore the issue at a hearing, the conclusion of which resulted in the ruling on appeal.
 
 
 12
 Rules like those adopted by district courts in this and the White v. Raymark Industries decision are salutary cost-shifting mechanisms which save taxpayer dollars and court time and which minimize inconvenience visited upon jurors by the civil justice system. See also Eash v. Riggins Trucking, Inc., 757 F.2d 557 (3d Cir.1985) (inherent powers to impose costs).
 
 
 13
 With those considerations in mind, when it is apparent the trial judge has exercised sanctions within the authority of the local rule in a manner flexible to the situation requiring the imposition of the rule, the reviewing court must be careful to support the authority of the trial judge.
 
 
 14
 AFFIRMED.
 
 
 
 *
 Judge Haynsworth participated in the hearing of this case at oral argument but died prior to the time the decision was reached. The decision is filed by a quorum of the panel. 28 U.S.C. Sec. 46(d)