UNITED STATES of America,
Plaintiff–Appellee,

v.

Gloria CLAROS and Vidolfo
Satizabal, Defendants.

Appeal of John R. DeLEON
and Joseph R. Lopez.

No. 92–3139.

United States Court of Appeals,
Seventh Circuit.

Argued Jan. 5, 1994.

Decided March 2, 1994.

Barry R. Elden, Asst. U.S. Atty., Crim. Receiving, Appellate Div., Eddie A. Stephens (argued), Office of U.S. Atty., Chicago, IL, for U.S.

John R. DeLeon, Donna Hickstein–Foley, Athas, Foley & Kowal, Chicago, IL, for Gloria Claros.

Joseph R. Lopez (argued), Robert G. Clarke, Chicago, IL, for Vidolfo Satizabal, John R. DeLeon.

Joseph R. Lopez, pro se.

Before EASTERBROOK and RIPPLE, Circuit Judges, and MIHM, District Judge.*

RIPPLE, Circuit Judge.

Attorneys Joseph R. Lopez and John R. DeLeon ("the attorneys") appeal from an order of the district court that imposed sanctions against them pursuant to Local General Rule 1.31 of the United States District Court for the Northern District of Illinois. The district court's order imposed a sanction of $2,250 in jury costs on the ground that neither attorney appeared in court on time for the beginning of his client's criminal trial.

---

* The Honorable Michael M. Mihm, Chief Judge of the United States District Court for the Central District of Illinois, is sitting by designation.

We vacate the order of the district court and remand this matter for further proceedings.

## I

## BACKGROUND

As this case comes to us, its procedural history and its underlying facts are inextricably intertwined. We therefore shall set forth the facts in the course of describing the procedural context in which the record was developed in the district court.

### A. The District Court's Order of June 15, 1992

The district court's Memorandum Opinion and Order of June 15, 1992 sets forth the reasons for its initial decision to sanction the attorneys.

The attorneys, Mr. Lopez and Mr. De-Leon, were trial counsel for defendants Satizabal and Claros who had been accused of participation in a drug conspiracy. At a pretrial conference on June 3, 1992, the district court initially suggested a date in July for the beginning of trial. The attorneys indicated that June 15 would be more convenient for them. The court had scheduled a civil trial for that date, but recognized that the criminal case took precedence because the defendants had been in custody for two months. Thus, all agreed that jury selection in the criminal case would begin on Monday, June 15, at 9:00 a.m.

On June 11, the district court received a letter from Mr. Lopez indicating that he was trying a case in state court and might not be available on June 15. The clerk, at the court's direction, called Mr. Lopez' office and informed his secretary that Mr. Lopez was to be present for trial on June 15 as previously scheduled. Nevertheless, Mr. Lopez filed an emergency motion on Friday afternoon of June 12, requesting that the beginning of trial be reset until June 17. At this point, it was too late to cancel the jury venire ordered for Monday, June 15. It was also too late to recall the civil jury (the one hearing the case that had been displaced by the criminal case) to reconvene on the 15th.

Neither Mr. Lopez nor Mr. DeLeon appeared in the courtroom at 9:00 a.m. on June 15. At 9:15 a.m., both attorneys still absent, the court decided to release the jury venire that had been waiting outside the courtroom. The district court concluded as follows:

> The court finds that Mr. Lopez and Mr. DeLeon have: (1) unreasonably burdened the court, its staff, and the U.S. Marshal's office, (2) inexcusably delayed these proceedings, (3) unnecessarily inconvenienced counsel and the jury in the civil trial suspended for this criminal custody case, and (4) caused excessive costs and expenses to the court and the government. *See* 28 U.S.C. § 1927. Mr. Lopez and Mr. De-Leon are directed to personally pay $2,250 in jury costs, $70 in witness fees, and $335 in interpreter fees to the clerk of the court on or before June 29, 1992.

Mem.Op. at 3.

### B. The Attorneys' Motion for Reconsideration

On June 25, Mr. Lopez and Mr. DeLeon filed a motion to alter or amend the judgment under Rule 59(e) of the Federal Rules of Civil Procedure. In this motion, they set forth in greater detail the reasons for their absence from the courtroom at 9:00 a.m. Mr. DeLeon noted that he had arrived in the courtroom at 9:20 a.m. and had explained to the court that a medical condition had prevented his timely arrival. Mr. Lopez arrived at 11:30 a.m. He attributed his absence to another criminal trial in state court. He represented to the court that, on June 4, the day after the pretrial conference in the present case, Mr. Lopez' state-court client had insisted on his right to a speedy trial because he was unable to post bail and did not want to wait for trial. The state court scheduled the trial for June 9. On that date, the State's Attorney's Office was unable to proceed and asked for a continuance. Mr. Lopez informed the state court that he had the present case scheduled in federal court on June 15. The state court reset the trial date for June 11 and assured Mr. Lopez that the trial would be completed in time for him to appear in federal court on June 15.

On June 11, Mr. Lopez appeared on time for the start of the state case, but still the prosecution was not ready to proceed. Finally, at 2:00 p.m., jury selection in the case began. That evening, Mr. Lopez continued, he drafted a motion requesting a continuance of the federal case until June 17. The state case proceeded on Friday, June 12. At the end of the day, Mr. Lopez stressed to the state trial judge that he had to appear in federal court on Monday morning. Nevertheless, instead of allowing the parties to conduct their closing arguments late that day, the judge followed the jury's wishes and set closing arguments for the morning of June 15. Mr. Lopez decided to appear in state court on Monday morning so that he would not prejudice his client's right to a fair trial. He eventually arrived in the district court at 11:30 a.m. on the 15th.

The attorneys submitted that, based on these circumstances, their failure to appear on time was not vexatious, intentional, unreasonable, or in bad faith. They further argued that § 1927 did not allow the imposition of jury costs as a sanction because (1) such costs are not included in § 1927, and (2) their conduct was not "vexatious, intentional, [un]reasonable, purposeful, or malicious."

### C. The District Court's Order of August 21, 1992

In a minute order dated August 21, 1992, the district court ruled on their motion as follows: "The motion ... is granted in part. Petitioners are directed to pay $2,250 in jury costs pursuant to Local General Rule 1.31 on or before September 1, 1992." The district court did not make any findings with respect to the submissions of the attorneys. Nor did the court note with any specificity those aspects of the earlier order that were subject to the revision effected by the later order.

## II

### DISCUSSION

Mr. Lopez and Mr. DeLeon advance two arguments on appeal: (1) Local General Rule

1.31 is invalid, and (2) even if valid, Rule 1.31 was applied improperly in this case. We shall address each of these matters in turn.

### A. The Validity of Local General Rule 1.31

Congress has authorized the district courts to adopt local rules to assist them in conducting their business:

> The Supreme Court and all courts established by Act of Congress may from time to time prescribe rules for the conduct of their business. Such rules shall be consistent with Acts of Congress and rules of practice and procedure prescribed under section 2072 of this title.

28 U.S.C. § 2071(a) (as amended November 1988). Pursuant to this authority, the United States District Court for the Northern District of Illinois has adopted a local rule permitting a court to assess jury costs against counsel or parties:

> If for any reason attributable to counsel or parties, including a settlement or change of plea, the court is unable to commence a jury trial as scheduled where a panel of prospective jurors has reported to the courthouse for the voir dire, the court may assess against counsel or parties responsible all or part of the cost of the panel. Any monies collected as a result of said assessment shall be paid to the clerk who shall promptly remit them to the Treasurer of the United States.

Local General Rule 1.31.

### 1.

Mr. Lopez and Mr. DeLeon submit that Rule 1.31 is invalid because Congress has not authorized the imposition of jury costs as a sanction. According to the attorneys, the only costs recoverable against an attorney as a sanction are those that have been enumerated by Congress in 28 U.S.C. § 1920.[1]

---

1. Section 1920 provides:

A judge or clerk of any court of the United States may tax as costs the following:
(1) Fees of the clerk and marshal;

(2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
(3) Fees and disbursements for printing and witnesses;

They also point out that, in *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 100 S.Ct. 2455, 65 L.Ed.2d 488 (1980), the Supreme Court held that § 1920 does *not* authorize the imposition of jury costs. Thus, the attorneys maintain that, by permitting a court to impose jury costs, Local General Rule 1.31 exceeds the power granted to the district courts by § 2071(a).

The attorneys also take issue with Rule 1.31's inclusion of a change of plea as a basis to impose the cost of a jury. They argue that this provision is unfair to both criminal defendants and their attorneys. For a criminal defendant, it burdens his choice to plead guilty at the last minute because such a decision subjects him to a possible sanction for the cost of a jury panel. For the defense counsel, it is unfair because he often has no control over a client's last-minute decision to plead guilty.

In response, the government takes the view that Rule 1.31 is valid. The government argues that the rule satisfies the requirement of § 2071(a): It is not inconsistent with federal statutes or federal rules. The government maintains that Rule 1.31 is not governed by 28 U.S.C. § 1927, which limits the taxation of costs to the express language of § 1920 when an attorney "so multiplies the proceedings in any case so as to increase costs unreasonably and vexatiously . . ." Although § 1920 lists those items that may be taxed as costs, that section is not intended to forbid a district court from imposing such expense as a sanction on a ground other than § 1927. The government relies upon *Martinez v. Thrifty Drug & Discount Co.*, 593 F.2d 992 (10th Cir.1979), and *In re Sutter*, 543 F.2d 1030 (2nd Cir.1976).[2]

(4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
    (5) Docket fees under section 1923 of this title;
    (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.
    A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.

### 2.

■ We cannot accept the attorneys' submission that a local rule is valid only if it imposes a sanction explicitly authorized by statute. "The only statutory requirement is that the local rules promulgated [pursuant to § 2071(a)] be consistent with acts of Congress and the rules prescribed by the Supreme Court." *Eash v. Riggins Trucking Inc.*, 757 F.2d 557, 569 (3rd Cir.1985) (en banc); *accord Martinez*, 593 F.2d at 993; *In re Sutter*, 543 F.2d at 1037 ("[I]f the local rule is related to the management of the court's business and it is not inconsistent with a statute or other rule or the Constitution, then it is valid.").

The attorneys have failed to establish that Local Rule 1.31 conflicts with any federal statute or rule of court. Their reliance on § 1920 in this respect is misplaced. Although that statute sets forth the items that may be taxed in the usual course of litigation, there is no indication that Congress, in enacting the legislation, intended to restrict the authority of the courts to fashion by rule remedial and disciplinary devices for a broad range of situations that may confront a district court in the course of litigation. Our decision in *Kiefel v. Las Vegas Hacienda, Inc.*, 404 F.2d 1163, 1170 (7th Cir.1968), *cert. denied*, 395 U.S. 908, 89 S.Ct. 1750, 23 L.Ed.2d 221 (1969), upon which the attorneys rely, is not to the contrary. In *Kiefel*, this court dealt with the imposition of sanctions under § 1927; and it is well established that, under that section of the Judicial Code, the only costs that may be imposed are those set forth in § 1920. "Excess costs recoverable under 28 U.S.C. § 1927 include only those enumerated in 28 U.S.C. § 1920." *United States v. Austin*, 749 F.2d 1407, 1409 (9th Cir.1984); *see also Roadway*, 447 U.S. at

**2.** The government also submits, as an alternative position, that the district court has inherent power to enact such a local rule. Finally, as a second alternate position, the government submits that the district court has the inherent power to impose jury costs on counsel as a sanction. For this proposition, it relies upon *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 765, 100 S.Ct. 2455, 2463, 65 L.Ed.2d 488 (1980), and *Eash v. Riggins Trucking Inc.*, 757 F.2d 557, 569 (3rd Cir.1985) (en banc). We need not address these issues in our resolution of the appeal.

759–61, 100 S.Ct. at 2460–61 (refusing to define "costs" under § 1927 according to civil rights statute because "history suggests that § 1920 and § 1927 should be read together"). However, the instant case does not involve the imposition of costs under § 1927 but rather under a local rule promulgated under the independent statutory authority of § 2071(a). Thus, *Kiefel* and *Austin*, as well as another case cited by the attorneys, *United States v. Ross*, 535 F.2d 346, 350–51 (6th Cir.1976), are not helpful to the attorneys.

A local rule may not be inconsistent with the Constitution, a statute of the United States, or with a national rule governing the conduct of litigation in the United States courts. *See* 28 U.S.C. § 2071(a). The recent nationwide examination of local rules to ensure conformity with these standards underscores the necessity of careful scrutiny of local rules to assure that they stay within their proper sphere.[3] There may also be, as Judge Adams suggested in *Eash*, 757 F.2d at 569, a situation in which it would be inappropriate to implement a "basic procedural innovation" by local rule. For instance, there might be circumstances in which it ought to be assumed that Congress had determined, by its decision not to act, that such innovation was inappropriate at the time. *Cf. Miner v. Atlass*, 363 U.S. 641, 648, 80 S.Ct. 1300, 1305, 4 L.Ed.2d 1462 (1960) (nullifying local rule authorizing discovery-deposition practice in courts of admiralty after the Supreme Court had omitted this feature from the civil rules, and stating that this omission by the Supreme Court "must be taken as an advertent declination" to implement such a procedural device). However, in this context, the Supreme Court has defined "basic procedural innovations" as " 'those aspects of the litigatory process which bear upon the ultimate outcome of the litigation.' " *Eash*, 757 F.2d at 569 (quoting *Colgrove v. Battin*, 413 U.S. 149, 164 n. 23, 93 S.Ct. 2448, 2456, 37 L.Ed.2d 522 (1973)). It hardly can be maintained that the imposition of a monetary sanction on an attorney for conduct that impedes the administration of justice amounts to such a "basic procedural innovation." Indeed, as *Eash* also points out, 757 F.2d at 568, *Roadway* makes it quite clear that the imposition of such monetary sanctions on attorneys is not limited by the terms of §§ 1920 and 1927.

Finally, the attorneys attack Rule 1.31 on the basis that it allows for the imposition of jury costs in the case of a last-minute change of plea and thus burdens the right of the defendant to make such a decision, a decision that has serious ramifications with respect to the disposition of the criminal action. The district court's Memorandum Opinion and Order indicates that it had been informed of the possible changes of plea before it dismissed the jury venire. However, it also appears that the court dismissed the venire because of the absence of Mr. Lopez and Mr. DeLeon, not because of an anticipated change in their clients' pleas. Thus, the fact that Rule 1.31 allows for the imposition of jury costs due to a last-minute change of plea would appear irrelevant to this case.

Because Mr. Lopez and Mr. DeLeon do not identify any federal statute or rule with which Local Rule 1.31 conflicts, we conclude that Local Rule 1.31 is valid.

B. *Application of Local Rule 1.31 in this Case*

1.

In its June 1992 Memorandum Opinion and Order, the district court concluded:

> The court finds that Mr. Lopez and Mr. DeLeon have: (1) unreasonably burdened the court, its staff, and the U.S. Marshal's office, (2) inexcusably delayed these proceedings, (3) unnecessarily inconvenienced counsel and the jury in the civil trial suspended for this criminal custody case, and (4) caused excessive costs and expenses to the court and the government. *See* 28 U.S.C. § 1927. Mr. Lopez and Mr. DeLeon are directed to personally pay $2,250 in jury costs, $70 in witness fees, and $335

---

3. In the Judicial Improvements and Access to Justice Act, Pub.L. No. 100–702, 102 Stat. 4642 (1988), Congress made clear its concern with district courts' frustrating, through the prolifera- tion of local rules, the careful process of evaluation and consensus set up by the Rules Enabling Act. *See* §§ 401–407, 102 Stat. 4642, 4648–52.

in interpreter fees to the clerk of the court on or before June 29, 1992.

Mem.Op. at 3. The attorneys sought to have the court reconsider its order for costs. They claimed that they had not acted vexatiously, intentionally, or in bad faith; they argued that, in the absence of such conduct, the imposition of sanctions under § 1927 was not permissible. Moreover, they argued that § 1927 does not encompass jury costs as a sanction against attorneys.

On August 21, 1992, the district court issued a minute order, which stated in full:

> The motion of Joseph R. Lopez and John R. DeLeon ("petitioners") to reconsider this court's order of June 15, 1992 directing petitioners to pay jury costs, witness fees and interpreter fees pursuant to 28 U.S.C. § 1927 is granted in part. Petitioners are directed to pay $2,250 in jury costs pursuant to Local General Rule 1.31 on or before September 1, 1992.

The attorneys now contend that, before sanctions can be imposed under Local Rule 1.31, there must be a finding of bad faith or vexatious conduct. They urge us to reverse the district court's decision to impose sanctions under Local Rule 1.31 as an abuse of discretion.

The government submits that "the better interpretation of General Rule 1.31 is that some finding of gross negligence, reckless conduct, willful conduct or bad faith is required before monetary sanctions can be imposed." Moreover, the government maintains that the district court's minute order fails to explain sufficiently either the court's factual findings or its legal conclusions. According to the government, the minute order fails to indicate which, if any, of the findings of the June order it incorporates. The government concludes that a remand is necessary for clarification of these issues.

### 2.

The record, in its present state, cannot support the judgment under review. It is therefore necessary to remand this matter to the district court for further proceedings to clarify essential aspects of the district court's determination. First, we cannot discern from the record before us the standard by which the district court assessed the conduct of the attorneys. The local rule itself does not embody any standard, and the brief entries of the district court do not address this important matter. We doubt very much that the judges of the Northern District of Illinois intended to subject the bar of their court to absolute liability under this local rule. Certainly, some degree of culpability was intended. We have not been able to find any published opinion by any member of that bench that elaborates on the all-important question of the applicable standard.

We are disinclined to assume, as the parties suggest we ought, that the rule requires a finding of recklessness, bad faith, or willful misconduct before a court can impose monetary sanctions on an attorney. We are aware that there is some authority for the proposition that such a finding ought to be required before a court can impose jury costs against an attorney pursuant to its local rules. *See Zambrano v. City of Tustin*, 885 F.2d 1473, 1480 (9th Cir.1989); *In re Sutter*, 543 F.2d at 1035. To the extent that the judges of those courts were expressing their preference with respect to the degree of culpability that ought, as a matter of policy, be required before an attorney is sanctioned, they were, of course, within their prerogatives to state that preference. However, our examination of these cases reveals little analysis to justify why a lesser standard of culpability would not suffice as a matter of law if the judges of the district court deem such a standard to reflect more realistically the needs of the court in protecting the effective administration of justice. We believe the approach of the Third Circuit, albeit expressed in dicta, states more precisely the options open to our colleagues in the district court in the interpretation of their local rule:

> [T]he district courts have the power, absent a statute or rule promulgated by the Supreme Court to the contrary, to make local rules that impose reasonable sanctions where an attorney conducts himself in a manner unbecoming a member of the bar, fails to comply with any rule of court, including local rules, or takes actions in bad faith.

*Eash,* 757 F.2d at 569; *accord Harlan v. Lewis,* 982 F.2d 1255, 1260 (8th Cir.) (suggesting in dicta that bad faith is not always required for the imposition of monetary sanctions under the court's inherent power), *cert. denied,* —— U.S. ——, 114 S.Ct. 94, 126 L.Ed.2d 61 (1993).[4]

■ We also believe that the government is correct in stating that the record is ambiguous in another respect. The second order is fatally ambiguous; it does not specify what aspects of the earlier order were reconsidered. The district court made no findings of fact with respect to the submissions of the attorneys during the reconsideration of the district court's first order. The district court vacated those costs that were permitted under § 1927, thus suggesting that it determined on reconsideration that the conduct of the attorneys was not unreasonable and vexatious. We therefore cannot discern, with the degree of certainty necessary for meaningful appellate review,[5] the basis for the imposition of jury costs on the attorneys.

## CONCLUSION

Accordingly, we vacate the judgment of the district court and remand the case for proceedings consistent with this opinion. No costs shall be taxed in this court.

VACATED AND REMANDED.

---

4. We note that our precedent has described Rule 11 of the Federal Rules of Civil Procedure as imposing a negligence standard. *See Hays v. Sony Corp. of America,* 847 F.2d 412, 418 (7th Cir.1988); *accord Mars Steel Corp. v. Continental Bank N.A.,* 880 F.2d 928, 932 (7th Cir.1989) (en banc). We also have not required a showing of bad faith with respect to the imposition of sanctions under Rule 37. *See Halas v. Consumer Servs., Inc.,* 16 F.3d 161, 164–65 (7th Cir.1994) ("The simple failure to comply is enough, notwithstanding a complete lack of culpability...."); *Tamari v. Bache & Co. (Lebanon) S.A.L.,* 729 F.2d 469, 474 (7th Cir.1984) ("Courts ... have held that negligent failure to follow discovery proceedings may trigger sanctions."); *accord Marquis v. Chrysler Corp.,* 577 F.2d 624,

642 (9th Cir.1978) ("In view of the range of sanctions available, even negligent failures to allow reasonable discovery may be punished.").

5. Although we review the imposition of sanctions deferentially, *see Mars Steel Corp. v. Continental Bank N.A.,* 880 F.2d 928, 938 (7th Cir.1989) (en banc) (Rule 11 sanctions reviewed for abuse of discretion), such deference does not mean no review, *id. See also In re Ronco, Inc.,* 838 F.2d 212, 217–18 (7th Cir.1988).

