**Juanita E. HOWARD, Plaintiff,**

v.

**ALLSTATE INDEMNITY COMPANY, Defendant.**

No. 1:96–CV–74.

United States District Court, E.D. Tennessee.

Oct. 30, 1997.

Richard C. Wagner, Wagner, Nelson & Weeks, Chattanooga, TN, Andy D. Lewis, Dave R. Prickett, Garner, Lewis & Prickett, Chattanooga, TN, for Plaintiff.

N. Mark Kinsman, Baker, Kinsman & Hollis, P.C., Chattanooga, TN, for Defendant.

## MEMORANDUM

COLLIER, District Judge.

The Court is called upon to consider both the authority for and the propriety of its local rule authorizing the taxation of juror costs upon parties and attorneys when cases are settled too late to prevent the Court from incurring juror costs. E.D. TN. L.R. 68.2. Having considered the clear language of the rule, the arguments of counsel advanced at the hearing this Court held on October 3, 1997, and the applicable law, the Court holds that Local Rule 68.2 is a valid and proper exercise of its authority and the assessment of juror costs is appropriate in this case.

At the conclusion of the October 3, 1997 hearing, the Court, after hearing arguments of counsel for both parties, announced its decision on Plaintiff's memorandum in opposition to the assessment of juror costs to the Plaintiff. (Court File No. 40). The Court **DENIED** Plaintiff's motion and **ORDERED** the juror costs of $1,265.76 assessed as follows: forty (40) percent to be paid by the Plaintiff Juanita Howard and sixty (60) percent to be paid by the Defendant Allstate Indemnity Company. The Court further **ORDERED** payment of these costs to the Clerk of the United States District Court within thirty (30) days.

Though the Court stated its reasons for the decision from the bench, the Court will take this opportunity to reduce its decision to written form.

## I. PERTINENT FACTS

This case was filed on February 15, 1996, in the Chancery Court for McMinn County, Tennessee and removed to this Court on February 29, 1996. (Court File No. 1). A scheduling conference was held on June 28, 1996, at which time a trial date of October 1, 1997, was set by agreement of the parties. (Court File No. 8). On the morning of October 1, 1997, at approximately 8:00 a.m., the Court was notified the parties had settled the

case the night before, at some time after 5:00 p.m.

By 8:00 a.m. on October 1, 1997, the prospective jurors necessary for the trial were already on their way to the courthouse and could not be informed not to report for jury duty. Twenty three jurors were summoned and twenty two actually reported for duty. As a result of the jurors reporting for juror duty, the public will bear a cost of $1,265.76. This cost is mandated by statute. 28 U.S.C. § 1871.

When notified of the late settlement, the Court informed counsel the parties might be assessed the costs of the jurors pursuant to Rule 68.2. Plaintiff objected to the imposition of juror costs and filed a memorandum in opposition. Plaintiff argued the Court did not have statutory authority to assess juror fees. Plaintiff further argued Rule 68.2 is unwise and serves as a deterrent to settlement, the juror costs are excessive, and costs should not be taxed against the Plaintiff because Plaintiff was diligent in her efforts to settle this case. At the hearing, Defendant argued any costs assessed by the Court should be split equally between the parties.

## II. DISCUSSION

The Court will first address the validity of Rule 68.2 and then address the propriety of taxing costs in this case.

### A. Validity of Local Rule 68.2

Local Rule 68.2 [1] provides:

Whenever a civil action scheduled for jury trial is settled so late that it is impossible to prevent the court from incurring juror costs, those costs may, in the discretion of the court, be assessed against one or more of the parties and/or their counsel. Juror costs include attendance fees, per diem, mileage and parking.

A local rule of this type has been in effect in the Eastern District of Tennessee at least since 1989—well before Plaintiff filed this case. Rules designed to assess juror costs to the parties when they settle their case late are very common across the country. The Western District of Tennessee has a similar rule which permits the imposition of juror costs against the parties unless the clerk's office is notified of a settlement by 1:00 p.m. on the day prior to trial. L.R. 18(b), Western District of Tennessee. Many district courts outside of Tennessee also have such a rule.[2]

Plaintiff argues the Court has no statutory authority for Rule 68.2. In support of this argument, Plaintiff directs the Court to 28 U.S.C. §§ 1914 and 1920. Plaintiff's reliance on these statutes is misplaced.

■ Plaintiff relies heavily on the language, "[t]he clerk shall collect from the parties such additional fees *only* as are prescribed by the Judicial Conference of the United States." 28 U.S.C. § 1914(b) (emphasis added). The Plaintiff then argues the Judicial Conference of the United States has not authorized the imposition of juror costs. However, 28 U.S.C. § 1914 deals with fees collected by the *clerk* for "filing and miscellaneous fees." Juror costs ordered by the *Court* do not fall within this statute.

■ Plaintiff next argues 28 U.S.C. § 1920 provides a broad lists of costs the Court may

---

1. This local rule was originally prescribed on September 1, 1989, and was numbered as Local Rule 20.2.

2. *See, e.g.,* L.R. 22, Middle District of Alabama; L.R. 16.2, Northern District of Florida; L.R. 47.1(b), Southern District of Florida; L.R. 250–2(a), Northern District of Georgia; L.R. 83.14, Central District of Illinois; L.R. 1.31, Northern District of Illinois; L.R. 31, Southern District of Illinois; L.R. 47.3, Northern District of Indiana; L.R. 42.1, Southern District of Indiana; L.R. 17(b), Northern and Southern Districts of Iowa; L.R. 10, Eastern and Western Districts of Kentucky; L.R. 54.1, Eastern, Middle, and Western Districts of Louisiana; L.R. 38.2, Eastern District of Michigan; L.R. 32(b), Western District of Michigan; L.R. 4(c), Northern and Southern Districts of Mississippi; L.R. 8.04, Eastern District of Missouri; L.R. 32, Western District of Missouri; L.R. 16.01, Eastern District of North Carolina; L.R. 215, Middle District of North Carolina; L.R. 54.1, Northern District of Ohio; L.R. 83.3.2, Middle District of Pennsylvania; L.R. 54.1, Western District of Pennsylvania; L.R. 54.01, District of South Carolina; L.R. 54(G), Eastern District of Virginia; *see also Eash v. Riggins Trucking, Inc.,* 757 F.2d 557, 570 n. 11 (3d Cir.1985) (en banc) (listing several districts which have local rules imposing juror costs against late settling parties).

impose and excludes any and all other costs. Plaintiff contends the Court is limited to assessing only the costs on that list and, because juror costs are not included on the list, the Court's local rule is without statutory authority.

In every reported case where this precise issue has been raised, Plaintiff's argument has been rejected. Three circuits have dealt with the issue of whether 28 U.S.C. § 1920 prohibits the imposition of juror costs pursuant to a local rule. *United States v. Claros*, 17 F.3d 1041 (7th Cir.1994) (district court assessed juror costs of $2,250 against defense counsel because attorneys did not appear in court on time for trial); *White v. Raymark Industries, Inc.*, 783 F.2d 1175 (4th Cir.1986) (juror costs of $2,000 assessed against defendant due to late settling of case); *Martinez v. Thrifty Drug and Discount Co.*, 593 F.2d 992 (10th Cir.1979) (juror costs of $1,026.72 assessed against plaintiff and her counsel for late settlement of case).[3] All three courts determined 28 U.S.C. § 2071(a) provided statutory authority for local rules which impose juror costs against late settling parties. *Claros*, 17 F.3d at 1044; *White*, 783 F.2d at 1176; *Martinez*, 593 F.2d at 993. In *White* and *Martinez*, the courts also determined *Fed.R.Civ.P.* 83(a)(1) gave the courts authority to implement such a local rule. *White*, 783 F.2d at 1176; *Martinez*, 593 F.2d at 993.

Title 28 U.S.C. § 2071(a) provides "[t]he Supreme Court and all courts established by Act of Congress may from time to time prescribe rules for the conduct of their business. Such rules shall be consistent with Acts of Congress and rules of practice and procedure prescribed under section 2072 of this title." The legislative history of this statute reveals Congress intended the Courts to have "broad rulemaking power." H.R.Rep. No. 308, 80th Cong., 1st Sess., at A169 (1947).

Rule 83(a)(1) of the Federal Rules of Civil Procedure provides "[e]ach district court ... [may] make and amend rules governing its practice. A local rule shall be consistent

with—but not duplicative of—Acts of Congress and rules adopted under 28 U.S.C. §§ 2072 and 2075." When the Federal Rules of Civil Procedure were adopted in 1937, the advisory committee noted the purpose of *Fed.R.Civ.P.* 83 was to substantially continue 28 U.S.C. § 2071. *Fed.R.Civ.P.* 83 advisory committee notes.

The Supreme Court has also held the imposition of monetary sanctions on attorneys is not limited by the terms of 28 U.S.C. § 1920. *See Roadway Express Inc. v. Piper*, 447 U.S. 752, 764–768, 100 S.Ct. 2455, 2463–2465, 65 L.Ed.2d 488 (1980); *see also Claros*, 17 F.3d at 1045; *Eash*, 757 F.2d at 568. Though *Roadway* did not involve the imposition of juror costs, the opinion indicates the cost structure of 28 U.S.C. § 1920 does not preempt the imposition of other costs.

Based on the Supreme Court's decision in *Roadway*, this Court finds that a local rule imposing juror costs against late settling parties is not inconsistent with an Act of Congress—specifically, 28 U.S.C. § 1920. As such, this local rule is a proper exercise of authority pursuant to 28 U.S.C. § 2071(a) and *Fed.R.Civ.P.* 83(a)(1).

## B. Assessment of Juror Costs under Local Rule 68.2

█ This Court finds it is appropriate to assess the juror costs of $1,265.76 against the parties in this case. On October 1, 1997, twenty two jurors reported for duty. These jurors made necessary arrangements to be away from their businesses, jobs, homes, and families to come to court. Some jurors are not paid for their time away from their jobs and suffer an irreparable financial loss. Because of their expected absence, some of their employers may have reassigned work to other employees, foregone business opportunities, or lost business. Jurors who are business owners obviously may have suffered some loss because of the requirement they attend court. Parents of small children may

---

3. The United States Court of Appeals for the Third Circuit has also upheld the imposition of juror costs under a court's inherent powers. *Eash v. Riggins Trucking, Inc.*, 757 F.2d 557, 568 (3d Cir.1985) (en banc). In that case, the district court had no local rule permitting the imposition

of juror costs upon the parties. *Id.* at 568. However, the case was remanded to determine whether the parties had actual or constructive notice costs of this type could be imposed. *Id.* at 571.

have made arrangements to take care of children, again incurring an unnecessary expense. These sacrifices are demanded of jurors as a civic duty in serving the judicial system of their country.

■ The public should not have to bear the burden of late settlement activities. At the hearing, Defendant argued costs should be split equally between the parties because both parties were equally culpable in the late settlement of this case. However, the Court finds a more appropriate ratio requires Plaintiff to pay forty (40) percent of the costs and Defendant to pay sixty (60) percent of the costs. The Court believes this ratio is appropriate in light of Allstate's greater control in the bargaining process.

## III. *CONCLUSION*

For the reasons stated at the October 3, 1997 hearing and in this memorandum, the Court will **DENY** Plaintiff's motion and **ASSESS** the juror costs of $1,265.76 as follows: forty (40) percent to be paid by the Plaintiff Juanita Howard and sixty (60) percent to be paid by the Defendant Allstate Indemnity Company.